Ford and another agt. Mattice.

———————◄—•—•—►———————

## SUPREME COURT.

WILLIAM R. FORD and another agt. JOHN J. MATTICE.

It is not allowed to the plaintiff to set forth, in different counts, in his complaint, several distinct causes of action against the defendant for the same indebtedness. (*See to the same effect Lackey* agt. *Vanderbilt,* 10 *How, Pr. R.* 155.)

And where it appears, from the *face of the complaint,* that several counts therein are really for the same thing, no *affidavit* by the defendant is required, as proof that there is really but one cause of action against him. The affidavit would only state what the complaint concedes. (*This seems to be adverse to Lackey* agt. *Vanderbilt.*)

*Albany Special Term, Sept.,* 1856.

MOTION to set aside complaint, &c.

The complaint contains two counts. The first states that, " within six years past, from the commencement of the suit, the defendant became indebted to the plaintiffs, for divers bills of goods, &c., to him sold and delivered by the plaintiffs, and at his request, in the city of Albany, on which there was due and owing to the plaintiffs, on the first day of August, 1856, the sum of $692.80, and which sum, besides a credit of $36, for twelve pair of socks, had and received by the plaintiffs from the defendant, with interest, is still due. The second

count states, that " the defendant, *at the time and place afore-
said,* became, and still is, indebted to the plaintiffs, in the sum
of $692.80, for the price and value of divers goods, &c., sold
and delivered, &c., upon which the defendant is entitled to a
credit of $36, for twelve dozen of socks.    The plaintiffs claim
judgment for $656.80, with interest from the first day of Au-
gust, 1856.

Upon this complaint, the defendant moved that the plaintiffs
be required to elect upon which of the two counts in his com-
plaint he would rely, and that the other be stricken out as re-
dundant or irrelevant, or that the complaint be set aside, &c.

RUFUS W. PECKHAM, *for plaintiffs.*
H. SMITH, *for defendant.*

HARRIS, Justice.    The complaint in hand is a very different
thing from that described in the 142d section of the Code.
The plaintiffs allege that the defendant owes them a balance of
account amounting to $656.80.    For this sum, with interest,
they claim that they are entitled to judgment.    They ask for
nothing more.    And yet the plaintiffs have, in their complaint,
stated that they have two distinct causes of action against the
defendant for precisely the same amount of goods sold and de-
livered, and subject to precisely the same credit.    If there is
any substantial difference between the two causes of action as
stated, I have failed to perceive it.    The proof which would
sustain one would be equally applicable to the other.    It is
clearly a case of " unnecessary repetition."

It is said that this ought not to be assumed without proof,
and that, as there is no affidavit to show that the plaintiff has,
in fact, but a single cause of action, the motion should, for that
reason, be denied.    But where it is apparent, as I think it is
in this case, that several counts in the same complaint are really
for the same thing, no affidavit is required.    Nothing that could
be stated by the defendant in an affidavit could present the
fact upon which he relies more distinctly than it already ap-
pears upon the face of the complaint.    Suppose he should

Ford and another agt. Mattice.

swear that the plaintiffs really have but one cause of action against him, he would but state what the complaint concedes. The plaintiffs only claim that one of the two sums of $656.80 is due to them. (*See Churchill* agt. *Churchill,* 9 *How.* 552; *Sipperly* agt. *The Troy & Boston Railroad Co., id.* 83.)

I know that, in *Lackey* agt. *Vanderbilt,* (10 *How.* 155,) Mr. Justice STRONG has said that the objection that several causes of action stated in the complaint are one, can be made to appear only upon an affidavit. But, in that very case, it appears that the affidavit upon which the motion was founded was insufficient to show that the causes of action stated in the several counts were the same. The motion, however, was founded upon *the complaint,* as well as the affidavit, and the learned judge says that, upon examining *that pleading,* he was satisfied that the causes of action stated in the second, third, fourth and fifth counts were embraced in the. first. It was because the motion was founded upon what appeared upon the face of the complaint that it prevailed.

It appears from an affidavit, read in opposition to the motion, that the defendant has failed in business, and made an assignment of his property, preferring other debts to that of the plaintiffs. There is some reason, perhaps, for believing that no defence to the action is contemplated. But, however this may be, I am not at liberty, by denying this motion, to sanction such a departure from the established rules of pleading as is presented in this complaint.

An order must, therefore, be entered, setting aside the complaint, but with liberty to the plaintiffs to serve a new complaint within twenty days after notice of this decision. The defendant is also entitled to the costs of the motion.