## FASNACHT *et al. vs.* STEHN.

Matter set up as a separate and distinct defense, in an answer, must be viewed as a pleading, under section 152 of the Code. Sham and irrelevant answers and defenses may be stricken out; but under this section, neither an entire answer or defense, nor a part of an answer or defense, can be stricken out as *redundant.*

Under section 160 of the Code, irrelevant or redundant matter in a pleading may be stricken out; but this section does not authorize an *entire* answer, or an entire defense in an answer, to be stricken out as irrelevant or redundant. By irrelevant or redundant *matter* in *this* section, is meant matter impertinently or unnecessarily stated, in setting forth *the cause of action in the complaint, or the defense, or a defense, in the answer.*

Although an answer or defense be *frivolous,* it does not follow that it is, or must be, *irrelevant,* also.

If matters set up in an answer are *relevant* to the cause of action stated in the complaint; that is, if they relate or pertain to it; they cannot be deemed irrelevant.

Where an issue is formed upon an answer setting up a defense equivalent or amounting to the plea of *nul tiel record,* it is irregular for a judge to proceed at chambers, without a jury, to try that issue and to find his conclusions of fact and of law, and order judgment for the plaintiffs.

Fasnacht *v.* Stehn.

The issue formed upon a plea of *nul tiel record* is an issue of fact, within the provision of the Revised Statutes requiring all issues of fact to be tried by a jury, except in case of a reference. (2 *R. S.* 409, § 4.)

APPEAL from an order and judgment entered at a special term.

*By the Court,* SUTHERLAND, J. In my opinion, both the order and judgment appealed from, should be reversed, but without costs.

The action was brought on a Louisiana judgment. The answer of the defendant purported to set up three distinct and separate defenses. The learned judge at chambers, on motion of the plaintiffs, struck out the whole of the answer setting up, or undertaking to set up, the second and third defenses, as "redundant and irrelevant matter," leaving the first defense to remain; and then, treating *that* defense as equivalent or amounting to the plea of *nul tiel record*, proceeded at chambers, without a jury, to try that issue, and to find his conclusions of fact and of law, and ordered judgment for the plaintiffs.

Matter set up as a separate and distinct defense in an answer, must be viewed as a pleading. Under section 152 of the Code, "sham and irrelevant answers and defenses" may be stricken out, but under this section, neither an entire answer or · defense, nor a part of an answer or defense, can be stricken out as *redundant*. This section says nothing about *redundancy*.

Under section 160 of the Code, "irrelevant or redundant matter in a pleading" may be stricken out, but this section does not authorize an *entire* answer, or an entire defense in an answer, to be stricken out as irrelevant or redundant. By irrelevant or redundant *matter*, in *this* section, is meant matter impertinently or unnecessarily stated, in stating *the cause of action in the complaint, or the defense or a defense, in the answer*.

The question is, then, whether the second and third de-

fenses of the defendant's answer should have been stricken out, under § 152 of the Code, as *irrelevant.*

Now it appears to me impossible to say that the matters set up in these defenses are *irrelevant.* They are certainly *relevant* to the cause of action stated in the complaint; that is, they relate or pertain to it. You might concede that defenses were and are even *frivolous,* but it would not follow that they are irrelevant. By the Code, and by the dictionaries, if an answer or defense is *frivolous,* it does not follow that it is, or must also be, *irrelevant.*

I think, therefore, that the order striking out the second and third defenses, as *redundant and irrelevant,* was erroneous.

Moreover, I am of the opinion that the trial of the issue formed by the first defense, which the learned judge must have treated as being or as amounting to the plea of *nul tiel record,* was irregular.

The Revised Statutes (2 *R. S.* 409, § 4) provide that "all issues of fact, joined in any court, proceeding according to the course of common law, shall be tried by a jury, except where a reference shall be ordered."

In *Trotter* v. *Mills,* (6 *Wend.* 512,) the Supreme Court of this state held that the issue formed by the plea of *nul tiel record* was an issue of fact, within this provision of the Revised Statutes, and was to be tried by a jury.

I cannot discover that the Code has changed the manner of trial of such an issue of fact, or taken away the right of the defendant to have such an issue tried by a jury. (*Code,* § 253.) He could waive his right of a trial by jury, (*Code,* §§ 253, 266,) but I cannot discover in the case any ground for saying that he did waive it. He had notice of the motion to strike out, and for judgment, but I cannot discover that he had notice of the *trial.*

I do not think that the circumstance that the defendant excepted to the finding of fact and to the conclusion of law, can be regarded as a waiver of a trial by jury, or as estop-

ping him from taking the ground, on this appeal, that the trial by the judge at chambers was irregular.

Besides, if the order striking out &c. is reversed, as I think it should, be, the judgment must fall with it.

Both the order and judgment should be reversed, without costs, irrespective of the question whether the matters set up in the second and third defenses, or either, are or are not a defense to the action.

GEO. G. BARNARD, J. dissented.

[NEW YORK GENERAL TERM, January 4, 1869. *Clerke, Sutherland* and *Geo. G. Barnard,* Justices.]