SOLOMON H. GOODMAN, APPELLANT, *v.* JAMES W. ROBB, RESPONDENT.

*Pleading — hypothetical pleadings are still bad — when the remedy is by demurrer and not by motion to strike out.*

Upon an appeal from an order denying a motion to strike out the second paragraph in the defendant's answer, or to direct that it be made more definite or certain, it appeared that the first paragraph of the answer was a denial, while the second paragraph alleged that if the defendant spoke any slanderous words of and concerning the plaintiff, of the nature of those charged in the complaint, they were confidential and privileged and were not spoken in malice.

*Held*, that as the second paragraph was obviously intended to be a statement of a separate defense, and as it was plainly hypothetical, it was bad.

That as there was no authority given by the Code to strike out an entire count of an answer on the ground of insufficiency, and as it would be useless to compel the defendant to make the count more definite and certain while it remained hypothetical and, therefore, bad, the plaintiff's motion was properly denied.

*It seems*, that the plaintiff's remedy was to interpose a demurrer to this count upon the ground of its insufficiency in law.

APPEAL from so much of an order of the Orleans Special Term as denied the plaintiff's motion to strike out the second paragraph in the defendant's answer, or to direct that it be made more definite and certain.

*William E. Hobby*, for the appellant.

*John Cunneen*, for the respondent.

SMITH, P. J. :

The action is for slander. The answer originally contained several paragraphs separately numbered, all of which except the first and second have been stricken out. The first paragraph is a denial. The second alleges, in substance, that if the defendant spoke any slanderous words of and concerning the plaintiff, of the nature of those charged in the complaint, they were confidential and privileged and were not spoken in malice.

The plaintiff moved that the second paragraph be stricken out on the ground that it is alternative and hypothetical, and also that the

defendant be required to make it more definite and certain, in several respects, and, among others, so as to indicate particularly whether the defendant admits or denies the speaking of the slanderous words charged in the complaint, and which of them he alleges were privileged or confidential, and what words spoken by him he intends to mitigate. That branch of the plaintiff's motion was denied by the part of the order which is now appealed from.

The second paragraph is not only separately stated and numbered, but it contains what was obviously intended to be a statement of a separate defense. It is a distinct count of the answer. Plainly, it is hypothetical. Under the system of pleading that preceded the Code, it was a rule that a plea must either traverse or deny, or confess and avoid. (1 Ch. Pl. [14th Am. ed.], p. 526.) The same rule has frequently been applied under the Code. (*Lewis* v. *Kendall*, 6 How. Pr., 59; *Buddington* v. *Davis*, id., 401.) The rule is as necessary under the present system as it was under the old, to prevent irrelevancy, uncertainty and useless prolixity in pleading. The count under consideration assumes to set up matter in avoidance of the charge in the complaint, but it does not confess the charge. For that reason, it is bad.

The only question is whether the remedy for a defect of that nature is by motion to strike out. The question whether a demurrer would lie is not before us and, therefore, we do not decide it, but it would seem that that remedy is available. In *Lewis* v. *Kendall* (*supra*) and *Buddington* v. *Davis* (*supra*) a demurrer was sustained. The Code allows a demurrer to a defense consisting of new matter, on the ground that it is insufficient in law, upon the face thereof. (Code Civil Pro., § 494.) " Insufficiency " in a pleading is not defined by the Code. An answer that presents no defense and does not take issue with the complaint may well be regarded as insufficient. An *irrelevant* pleading, that is, one which has no substantial relation to the controversy between the parties to the suit, has been characterized as "insufficient." (Moak's Van Santvoord's Pl. [3d ed.], p. 772.) So, too, it has been said, a frivolous reply or answer may, if the party prefer, be demurred to as insufficient, although the Code gives a more summary remedy by an application for judgment. (Id.) But we know of no authority under the Code for striking out an *entire* count of an answer on the ground

of insufficiency. This is not the case of a sham defense, under section 538 of the Code, nor a motion to strike out irrelevant or redundant matter provided for by section 545. An entire count cannot be stricken out as irrelevant or redundant. (*Fasnacht* v. *Stehn*, 53 Barb., 650.)

In *Wies* v. *Fanning* (9 How. Pr., 543) a part of an answer which was held to be hypothetical was stricken out, but the same portion was held, also, to be irrelevant and redundant. On that ground the remedy by motion was appropriate. Irrelevant and redundant matter cannot be demurred to, but the objection must be taken by a motion to strike out. (Moak's Van Santvoord, 771.)

The motion in the present case was not only to strike out the second count but also to require it to be made more definite and certain. That it is justly chargeable with indefiniteness and uncertainty is apparent, but to correct it in those particulars would have been useless so long as it remained a hypothetical or *de bene esse* pleading.

We think the portion of the order appealed from must be affirmed, but as the pleading is bad, without costs, and with leave to the plaintiff to demur, if he thinks proper, in ten days.

BARKER and BRADLEY, JJ., concurred; HAIGHT, J., not sitting.

Order affirmed, without costs, with leave to plaintiff to demur or answer within twenty days.