(15 Misc. Rep. 621.)

## STEWART et al. v. FORST.

(City Court of New York, General Term. February 7, 1896.)

PLEADING—MOTION TO STRIKE OUT DEFENSE.
    Where defendant, in an action for rent of a flat in an apartment house, set up, as a second separate defense, that he was evicted by plaintiffs' maintaining a disorderly house in and about the demised premises, it was error to strike such defense as scandalous, irrelevant, and redundant, on a motion made on the pleadings, and on an affidavit of plaintiffs' agent denying the maintenance of such disorderly house, since evidence might have been offered under said defense which would have been admissible, though the disorderly house was not maintained in the flat demised to defendant.

Appeal from special term.

Action by William R. Stewart and others against Paul C. Forst to recover unpaid rent. From an order striking out his second separate defense as scandalous, irrelevant, and redundant, defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and McCARTHY, J.

Joel Krone, for appellant.
Bowers & Sands, for respondents.

VAN WYCK, C. J. The landlord plaintiffs sue for unpaid rent of the first flat of an apartment house, and the tenant defendant sets up, as his second separate and distinct defense, that he was evicted by plaintiffs' maintaining a disorderly house in and about the premises mentioned in the complaint and demised to him. The plaintiffs, upon an affidavit of their agent denying the maintenance of such disorderly house, and the pleadings, moved to strike from the answer this alleged defense, upon the ground that it was scandalous, irrelevant, and redundant; but such a motion must stand or fall upon the pleadings, and the rulings upon the evidence, under the pleading, as limited by the bill of particulars, must be left for the judge at trial. This alleged defense is not insufficient in law; and, under the same, even as limited by the bill of particulars, defendant may offer evidence, which must be admitted, even though the disorderly house was not maintained in the flat demised to defendant; for it must be remembered that, of an apartment house, the landlord retains control of the hallways and staircases.

The order must be reversed, with costs, and the motion denied, with $10 costs.