28 Mich. 228; Grammar School v. Bailey, 62 Vt. 467, 20 Atl. 820, 10 L. R. A. 405; Inhabitants of Hampshire Co. v. Inhabitants of Franklin Co., 16 Mass. 76-84; Supervisors of Jackson Co. v. Supervisors of La Crosse Co., 13 Wis. 490; Milam Co. v. Bateman, 54 Tex. 153; State v. Foley, 30 Minn. 350, 15 N. W. 375; Citizens' Savings & Loan Ass'n of Cleveland v. City of Topeka, 20 Wall. 655, 22 L. Ed. 455.

We are of opinion that the county of Niagara acquired a vested right by the decision of the court in the former action by the receiver of the bank against it, and that it was not competent for the legislature to subject it to a new trial of the legality or equity of the claim of the bank. It follows, therefore, that the special act of the legislature under consideration was unconstitutional and void, and conferred no authority for the appointment of the referee by the court. The order should be reversed, with $10 costs and disbursements to appellant, and the application denied, with $10 costs. All concur; SPRING, J., in part only.

SPRING, J. I concur in the result reached by Mr. Justice LAUGHLIN, but I do not believe the act in question is violative of section 16 of article 3 of the state constitution. Mr. Greene was receiver of the Merchants' Bank, and the act is for his relief as such official, and not as an individual. As receiver he represented the creditors and stockholders of the bank, and whatever relief was granted can fairly be said to be for their benefit, and that is sufficiently expressed in the title. Van Brunt v. Town of Flatbush, 128 N. Y. 50, 27 N. E. 973; Curtin v. Barton, 139 N. Y. 505-513, 34 N. E. 1093; Brewster v. City of Syracuse, 19 N. Y. 116.

---

(33 Misc. Rep. 124.)

DURST v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Special Term, Kings County. November, 1900.)

ANSWER—DEMURRER—DEFENSE.

As in an action for negligence the fact that plaintiff was injured by his own negligence or that of a third person may be proved under the general denial, the pleading thereof in the answer as a defense is redundant, and renders the answer demurrable.

Action by Max Durst against the Brooklyn Heights Railroad Company. Plaintiff demurs to a defence. Demurrer sustained.

Demurrer to a defence. The complaint alleges in the usual way that by certain specified acts of negligence by the defendant he was hurt while a passenger on one of its cars. The answer is first a general denial and then as follows:

"For a separate and distinct answer and defence the defendant alleges upon information and belief:

"That whatever injuries or damage the plaintiff may have received or sustained at the time and place mentioned in said complaint were received and sustained by reason of his own negligence or the negligence of a third person or persons over whom this defendant had no control, and not by reason of the negligence of the defendant."

To this the plaintiff demurred "upon the ground that the same is insufficient in law upon the face thereof."

Jacob Friedman, for plaintiff.
Sheehan & Collin, for defendant.

GAYNOR, J. It may be that this demurrer is rather captious, but the issue raised by it has to be decided. Pleadings are growing to be very unscientific and slovenly, and therefore difficult to be understood, and troublesome to trial judges. It is true that this so-called defence is not what is termed a "defence" (or an "affirmative defence" as we sometimes tautologically say) in pleading. A "defence" in pleading can consist only of "new matter," i. e., matter which is not embraced within the issue raised, or which might be raised, by a denial, and cannot therefore be proved under a denial. Any fact or matter which can be proved under a denial may not be scientifically or properly pleaded as a "defence." Cruikshank v. Publishing Co., 32 Misc. Rep. 152, 65 N. Y. Supp. 678. First in an answer comes a denial, or denials (if there be any), and next "a statement of any new matter constituting a defence" (if there be any), such as a general release, payment, another action pending, that the contract sued upon is fraudulent, that the slander or libel sued for is true, and so on; and it has to be stated to be a "defence." Code Civ. Proc. §§ 500, 507. The so-called defence in the present answer contains no new matter whatever. That the plaintiff was hurt by his own negligence, or by the negligence of a third person, is not new matter. On the contrary it is embraced within the general issue, i. e., that raised by the general denial, and can be proved under such denial. The defendant can prove anything and everything thereunder tending to show that the plaintiff was not hurt, or negligently hurt, by it. Hence, in place of being new matter it is redundant matter. At first it might seem that the plaintiff's remedy is to move to strike it out as redundant. But it seems that section 545 of the Code of Civil Procedure, which allows irrelevant or redundant matter contained in a pleading to be struck out on motion, does not contemplate a motion to strike out the whole of an alleged cause of action or "defence" as irrelevant or redundant, but only irrelevant or redundant matter incorporated in such alleged cause of action or defence. "To reach such a defect is the appropriate office of a demurrer." Walter v. Fowler, 85 N. Y. 621; Goodman v. Robb, 41 Hun, 605; Fasnacht v. Stehn, 53 Barb. 650; Cardeza v. Osborn, 32 Misc. Rep. 46, 65 N. Y. Supp. 450. In the same way it might seem that the plaintiff's course would be to move as allowed by section 537 of the Code for judgment on the so-called defence as frivolous, for frivolous it is. But instead of that summary remedy, it is of course always optional to adopt the more formal and deliberate method of demurrer for insufficiency (Goodman v. Robb, supra); and though such a motion might fail, a demurrer would still lie. Section 494 of the Code authorizes a demurrer to "a defence consisting of new matter, contained in an answer, on the ground that it is insufficient in law on the face thereof." As we have seen, that which is called a "defence" in pleading can consist only of new matter. If an alleged defence contain no new matter, it is obviously "insufficient," and

therefore demurrable, and that is the case with this alleged "defence." It might be suggested that as the said section 494 by its terms allows a demurrer to "a defence consisting of new matter," it does not embrace this alleged defence for the reason that it contains no new matter. But the addition of the words, "containing new matter," is only tautological. They add no meaning which the word "defence" alone would not mean. If the defendant pleads an alleged defence of new matter which contains no new matter, such lack of new matter is no ground for saying that such so-called defence cannot be demurred to as a defence because it is not a defence, but the contrary. It may be true that the plaintiff could be in no way aggrieved by allowing this so-called defence to stand. But that is not the test. That would be equally true of any irrelevant, redundant or useless matter which might be set up as a defence. If such matter is not a defence, i. e., "new matter" which constitutes a defence to the cause of action, on the assumption that the complaint is true, it is demurrable.

The defendant does not cite the case of Wiley v. Village of Rouse's Point, 86 Hun, 495, 33 N. Y. Supp. 773, which seems to be the only decision apparently contrary to the foregoing. It does not seem to me that it has ever been generally accepted, or that it is of more than local application, if even that can be true since the recent reorganization of our supreme court. And it is not consistent with the weight of principle and authority to the contrary. There is no discussion of the point in the opinion on either scientific principle or authority, but it is merely said in one sentence that while the question was embraced in the issue raised by the general denial, and the defendant was not obliged to plead contributory negligence as a defence, it might nevertheless properly do so. Could not this with just the same propriety be said of a plea of any other matter as a defence which was not new matter and therefore not a defence in pleading at all? And the counsel for the plaintiff in that case does not seem to have presented this point to the court. It would appear from the stress of the opinion that his objection to the alleged defence was its hypothetical form, i. e., that "if the plaintiff fell upon the streets" it "was caused solely by the contributory (sic) negligence of the plaintiff." If the defendant's position in the present case that contributory negligence is a defence be correct, then the burden of proof in respect of it is on the defendant. Nothing is better known among us than that the burden of proof is on the defendant in respect of a defence pleaded by him, and the court has to so charge the jury. If matter be pleaded as a defence which does not stand this test, then it is not a defence and is demurrable. If it should be now held that this so-called defence is in law and practice a defence, then it follows that the trial judge would have to charge that the burden of proof was on the defendant to make it out; and if it had been interposed without the previous general denial, the trial judge would have to give the defendant the opening and the closing on the trial. It certainly is not to be said that it must be ruled on demurrer that it is a defence, and therefore not demurrable, but that on the trial

of the issue of fact the trial judge would have to rule that it is not a defence, so as to avoid charging that the burden was on the defendant to make it out, or giving the defendant the opening and closing.

The demurrer is sustained.