(48 Misc. Rep. 198)

### NOVAL v. HAUG et al.

(Supreme Court, Special Term, Kings County. September, 1905.)

1. PLEADING—STRIKING OUT DEFENSE.

A motion to strike out a defense which is complete in itself, as irrelevant, will be denied, though the defense is insufficient.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 1093, 1094.]

2. SAME.

Allegations of an answer in support of which evidence would not be admitted on the trial will be stricken out on motion.

3. CONTRACT—ACTION FOR BREACH—DEFENSES.

Plaintiff sued for breach of a contract to transfer certain corporate stock purchased of one A. for a stated sum. Defendant answered that A. had recovered from him a large sum on the ground that he had by fraud, to which plaintiff was a party, induced her to sell such stock at the price fixed. Held, that the answer was insufficient, in that defendant could not compel plaintiff to share the consequences of the common fraud; there being no contribution among joint tort-feasors, nor apportionment of the damages for a wrongdoing, and defendant having the stock in his possession.

Action by John Noval against Charles F. Haug and others. Motion to strike out certain paragraphs of the answer. Granted in part.

Alfred E. Sander, for the motion.

Fitch, Mott & Grant and Morris & Whitehous (George A. Mott and Albert E. Richardson, of counsel), opposed.

BURR, J. Plaintiff moves upon the pleadings and upon the judgment roll in the case of Tillie von Au, as administratrix, etc., against Louis Magenheimer and others, to strike out as irrelevant the whole

of paragraph 6 and a portion of paragraph 2 in each of the answers of the defendants in this action. Such a motion must be heard upon the pleadings alone, and the judgment roll referred to cannot, therefore, be considered. Bailies Code Pl. 563; Ford v. Mattice, 14 How. Prac. 91; Stewart v. Forst, 15 Misc. Rep. 621, 37 N. Y. Supp. 913.

The paragraphs marked 6 in the answers of the two defendants are identical. This paragraph is intended to be complete, and it is independent of any other portion of the answer. It is stated to be a partial defense and an offset and counterclaim and in mitigation of damages. It is intended to be pleaded as new matter, for it is extrinsic to the facts stated in the complaint, and is predicated upon the plaintiff establishing the facts alleged therein. The position of the plaintiff is that even if the facts stated in the said sixth paragraph were true, they would constitute no defense to the plaintiff's claim, either in whole or in part, or serve as a basis for a counterclaim. If that is so, then the pleading is insufficient in law. Code Civ. Proc. § 494. If the pleading is faulty, I think, however, the remedy is by demurrer, and not by motion to strike out. The decisions are not entirely harmonious, but I think the weight of authority, so far as this department is concerned, is in favor of the contention that a defense complete in itself cannot be stricken out as irrelevant, even though it be insufficient. Cardeza v. Osborn, 32 Misc. Rep. 46, 65 N. Y. Supp. 450; Burkert v. Bennett, 35 Misc. Rep. 318, 71 N. Y. Supp. 144; Frank Brewing Co. v. Hammersen, 22 App. Div. 475, 48 N. Y. Supp. 30. See, also, Goodman v. Robb, 41 Hun, 605; Walter v. Fowler, 85 N. Y. 621. The case of Uggla v. Brokaw, 77 App. Div. 310, 79 N. Y. Supp. 244, might seem to hold to the contrary, if the language of the syllabus were relied upon. I think a careful reading of the opinion in that case will show that the so-called defense contained not only new matter but denials, and that the language of the court must be construed with reference to that fact. So much of the motion, therefore, as seeks to strike out paragraph 6 of the respective answers must be denied.

The plaintiff also seeks to strike out a portion of the second paragraph of the answer of each of the defendants. The language of the answers in this respect is also identical. The action is brought to recover damages for the breach of an alleged contract between the plaintiff and the defendants to transfer to him one-third of the stock in the Mason, Au & Magenheimer Confectionery & Manufacturing Company, purchased by them from Tillie von Au, as committee of the person and estate of Otto E. von Au, an incompetent. The complaint alleges the agreement, the demand of the plaintiff that one-third of the stock be transferred to him, a tender of performance on his part, and the refusal of the defendants to comply with the demand. The answers deny the agreement and admit the other allegations. The complaint further alleges the purchase of the stock by the defendants for the sum of $50,000. The answers admit the purchase of the stock, and that they paid to Tillie von Au, as committee as aforesaid, as and for the purchase price of the same, $50,000. The defendants seek, however, in the second paragraph of their respective answers,

to qualify this admission as to the purchase price in the following terms:

"But this defendant alleges that subsequently the said Otto E. von Au died leaving a last will and testament, which was duly admitted to probate by the surrogate of Kings county, and letters testamentary issued to said Tillie von Au, as sole executrix of said last will and testament, and that thereafter she brought a suit in this court, alleging that the plaintiff and defendants, who constituted the board of directors of the said company and were all officers of the said company, had raised the salary of the plaintiff and the defendants and reduced the dividends of said company for the purpose of depreciating the value of said stock, and that she had thereby been induced to sell said stock at an inadequate price, and praying for a judgment for the difference between the price so paid for said stock and the real value of said stock, and that the said action was tried before Hon. Frederick W. Kruse, one of the justices of this court, and a jury, in the month of December, 1904, and resulted in a verdict by the jury against the defendants for the sum of $66,850, and that thereafter and on the 17th day of March, 1905, a judgment was duly entered in the office of the clerk of the county of Kings, in the said action against the defendant for the sum of $68,109.62, damages and costs, and that the defendants have appealed from the said judgment to the Appellate Division of this court, Second Department, and that such appeal is now pending."

It is this portion of the paragraph in question which the plaintiff seeks to strike out as irrelevant. An irrelevant allegation is one which has no substantial relation to the controversy between the parties to the suit, and which cannot affect the decision of the court, because it has no bearing upon the subject-matter of the controversy. Park & Sons Co. v. National Druggists' Ass'n, 30 App. Div. 508, 52 N. Y. Supp. 475. If the allegations were permitted to remain, would evidence in support thereof be admitted on the trial? If so, the motion should be denied; if not, it should be granted. Dinkelspiel v. New York Evening Journal Co., 91 App. Div. 96, 86 N. Y. Supp. 375. The rule is well established that there can be no contribution between joint tort-feasors, providing the wrongful act was intentional and conscious on the part of all. 7 Am. & Eng. Encyc. of Law (2d Ed.) 365. If the allegations here attacked were true, it seems to me that evidence in support thereof would be immaterial upon the trial of this action. The action brought by the said Tillie von Au, as committee, was not in disaffirmance of the sale of stock to the defendants in this action. It ratified it. It was not based on the contract of sale to recover an additional sum as the purchase price thereof. It was conceded that the full purchase price fixed by the contract had been paid. The acts complained of were the wrongful and fraudulent acts of the plaintiff and the defendants in this action, which induced the said Tillie von Au, the plaintiff in this action, to sell the stock for less than its value. The relief sought was for damages by reason of the wrong jointly committed by the parties above named. It is true that the measure of damages for the fraud and deceit practiced on her was the difference between the actual value of the stock and the price paid to her, but this difference was only the measure of the wrong done her. The wrong itself was independent of this. In an action for a wrong, if the plaintiff therein establishes a wrong done by the defendants, such plaintiff would be entitled to nominal damages even, although unable to prove any pecuniary loss. The acts complained of in the suit brought by Tillie von Au, if wrongful, were the inten-

tional and conscious acts of all of the parties. To require the plaintiff in this action, before receiving the stock to which he is entitled, if he establishes his agreement for the purchase thereof, to pay, not only the one-third of the purchase price of the stock, but one-third of the damages recovered against the defendants herein for their fraud and deceit practiced upon their vendor in connection with the sale, would be indirectly permitting the defendants to compel the plaintiff, as a joint tort-feasor with them, to contribute toward the loss which they had sustained by reason of the joint tort. What may not be done directly should not be done indirectly. Suppose the defendants had transferred to the plaintiff immediately after its purchase one-third of the stock in question, in accordance with their agreement so to do. And suppose that subsequently the vendor, Tillie von Au, had sued the defendants in this action for damages for fraud and deceit in connection with the sale, they could not have pleaded a defect of parties defendant, because the plaintiff in this action was not also sued, for each joint tort-feasor is severally liable. 28 Am. & Eng. Encyc. of Law, 255. Or suppose that she had sued both the plaintiff and defendants in such an action and had recovered judgment against all three, she could have collected the entire judgment from the property of one or both of the defendants in this action. In neither event could the defendants in this action have maintained an action against this plaintiff for contribution and indemnity. If this would be the case if the defendants had transferred the stock to the plaintiff, I cannot see why a different rule should prevail because the defendants have failed to do so, providing the plaintiff establishes an agreement that they should do so. The law will not apportion the damages for a wrong done among the wrongdoers, but will leave them where it finds them.

It follows, therefore, that the motion to strike out from the second paragraph of each of the answers herein the portion hereinbefore specified should be granted, and that the motion to strike out the whole of the sixth paragraph of said answers should be denied, for the reason that as to this plaintiff has mistaken his remedy.

Ordered accordingly.