EDWARD R. HALL and Another, Plaintiffs, *v.* UNITED STATES CASUALTY COMPANY, Defendant.

Supreme Court, Montgomery County, August 19, 1925.

Pleadings — answer — application under Rules of Civil Practice, rule 103, to strike out as " irrelevant " portion of defendant's answer — Rules of Civil Practice, rule 103, permits court to strike out entire count pleaded as separate defense if it be irrelevant — whether evidence of facts pleaded could be admitted on trial is proper test to determine relevancy of matter pleaded — separate defense in answer reciting alleged dishonesty of plaintiffs' agent, but failing to charge plaintiffs' responsibility therefor, irrelevant and should be stricken out.

Rule 103 of the Rules of Civil Practice providing, in effect, that if any matter contained in a pleading be irrelevant or redundant, the court may order such matter stricken out, permits the court to strike out irrelevant matter even though it embraces an entire count pleaded as a separate defense. Whether evidence of the facts pleaded can be admitted upon trial is a proper test to determine the relevancy of the matter pleaded.

Accordingly, defendant's separate defense in its answer containing a recitation of the dishonesty of plaintiffs' agent but failing to allege the responsibility of the plaintiffs therefor, and to associate the alleged dishonesty with the plaintiffs, has no relation to plaintiffs' action for money had and received and for damages arising from defendant's interference with plaintiffs' business and should be stricken out as irrelevant.

MOTION under rule 103 of the Rules of Civil Practice to strike out as " irrelevant " part of the amended answer.

*Edward R. Hall* and *George H. Hall,* plaintiffs in person.

*Merrill, Sisson & Quinn,* for the defendant.

HERRICK, J.:

The plaintiffs make this motion pursuant to the provisions of rule 103 of the Rules of Civil Practice to strike out as " irrelevant " that part of the amended answer reading as follows:

" For a third separate answer and complete defense herein, defendant alleges:

" IV. That at various and divers times prior to December 9, 1922, plaintiffs' agent, employee and representative C. Rexford Hall, presented to the defendant, with intent to defraud, fictitious and false claims of alleged automobile accidents, involving large sums of money and at various and divers times prior to and subsequent to December 9, 1922, aforesaid C. Rexford Hall, without warrant or authority at law, collected various sums of money belonging to defendant and failed to remit to defendant and converted same to his own uses and purposes."

The rule referred to reads: " If any matter, contained in a pleading be sham, frivolous, irrelevant, redundant, * * * the court may order such matter stricken out, in which case the pleading will be deemed amended accordingly, or the court may order an amended pleading to be served omitting the objectionable matter." Prior to the coming into use of the Rules of Civil Practice, a motion to strike from a pleading irrelevant or redundant matter, was addressed to the court under the provisions of section 545 of the Code of Civil Procedure. In construing this section the courts arrived at different conclusions as to the limitations of the section. Some of them held that a defense complete in itself could not be stricken out as irrelevant, even though it be insufficient, and if the pleading was faulty, as the plaintiffs contend on this motion is true of the defendant's amended answer, then the remedy was by demurrer and not by motion to strike out. (*Noval* v. *Haug*, 48 Misc. 198; *Fasnacht* v. *Stehn*, 53 Barb. 650; *Durst* v. *Brooklyn Heights R. R. Co.*, 33 Misc. 124; *Cardeza* v. *Osborn*, 32 id. 46; *Goodman* v. *Robb*, 41 Hun, 605.)

Others stated the rule differently and held that there was a remedy by motion to strike irrelevant or redundant matter from a pleading, even in those cases where it embraced an entire count pleaded as a separate defense. (*Uggla* v. *Brokaw*, 77 App. Div. 310; *Howard* v. *Breitung*, 172 id. 749.)

A careful examination of these decisions which came into existence in construing this Code section, leads to the conclusion that the weight of authority favors the limitations stated in the decisions first above referred to and that a defense complete in itself cannot be stricken out on motion, as irrelevant, unless the Civil Practice Act and the Rules of Civil Practice have changed the law applicable

to motions of this kind. This question has been before the courts since the substitution of the Civil Practice Act and the Rules of Civil Practice for the Code of Civil Procedure. In the Seventh Judicial District on a motion to strike from an answer two alleged counterclaims on the ground that the allegations were irrelevant, redundant and tended to prejudice and embarrass a fair trial of the action, the court held that "the rule was early established that such a motion did not go to the whole pleading, nor to a separate denial, or defense, but is usable only when one otherwise good is loaded with unnecessary or redundant matter (*Blake* v. *Eldred*, 18 How. Pr. 240)," and that "this rule is not changed by the later decisions nor by the Civil Practice Act and must still govern." (*Comerford* v. *Sands*, 120 Misc. 522.)

If it is true that the law has not been changed by the Civil Practice Act or by the Rules of Civil Practice, then the plaintiffs must seek the relief applied for on this motion under section 277 of the Civil Practice Act and rule 109 of the Rules of Civil Practice. Formerly under the Code of Civil Procedure, if the defendant's pleading, as contended by the plaintiffs on this motion, was faulty, the remedy was by demurrer and not by motion to strike out. (*Noval* v. *Haug*, 48 Misc. 198.) But objection by demurrer has been abolished and such an objection must now be taken by motion. (Civ. Prac. Act, § 277; Rules Civ. Prac. rule 109.) Furthermore, it is apparent from a comparison of section 545 of the former Code and rule 103 of the Rules of Civil Practice, that notwithstanding the Code section has been retained in the rule, still the two are not the same. The rule contains no words of limitation but on the contrary begins with a wording that is broad and comprehensive: "If *any* matter contained in a pleading be sham, frivolous, irrelevant, redundant, * * *, the court may order such matter stricken out." There can be no mistaking the plain meaning of this language and if it is to be given the construction which its wording implies, then the court may now on motion strike out irrelevant matter even in those cases where it embraces an entire count pleaded as a separate defense. The Civil Practice Act makes provision for its own construction. It must be liberally construed. (Civ. Prac. Act, § 2.) The rule of the common law that a statute in derogation of the common law is strictly construed does not apply to the act. (Civ. Prac. Act, § 3.)

The courts have recently stated the purpose of the Civil Practice Act in the following language: " As it is the evident purpose of the Civil Practice Act to liberalize practice as much as possible and to remove every technical restraint upon the administration of justice, no decision should be made limiting the courts' powers

thereunder until experience has demonstrated the actual necessity of such limitation." (*Brody* v. *Madison Lunch, Inc.*, 199 App. Div. 640.)

If sections 2 and 3 of the Civil Practice Act are intended to be applied in construing the Rules of Civil Practice, then the language of rule 103 should be liberally construed and words of limitation should not be implied to limit or change the language of the rule.

The next point to determine is whether the matter pleaded in paragraph "IV" of the amended answer is irrelevant. By utilizing approved definitions of irrelevant matter and applying some of the tests used in the past for that purpose, it is possible to come to a reasonably accurate conclusion.

One of the accepted definitions reads: "An irrelevant allegation is one which has no substantial relation to the controversy between the parties to the suit and which cannot affect the decision of the court because it has no bearing upon the subject matter of the controversy." (*Park & Sons Co.* v. *National Wholesale Druggists' Assn.*, 30 App. Div. 508; *Struver* v. *Ocean Ins. Co.*, 9 Abb. Pr. 23.) Another is: "Matter which can have no bearing on the issues, either on account of its manifest irrelevancy or because the law declares that it cannot be introduced, would seem to be irrelevant." (*Uggla* v. *Brokaw*, 77 App. Div. 310.)

A test which may be applied to determine relevancy, is whether upon the trial evidence of the facts pleaded could be legally received. If proof of the allegations contained in paragraph "IV" of the amended answer could not be admitted on the trial, then they are irrelevant and should be stricken out. (*Howard* v. *Breitung*, 172 App. Div. 749.)

The question then is, does the offending paragraph have any substantial relation to the controversy and can evidence of the facts pleaded be legally received on the trial? The alleged causes of action upon which the suit is brought are in substance as follows: First cause of action: That in 1922, plaintiffs and defendant entered into an agreement whereby the plaintiffs were to act as agents for the defendant in soliciting insurance risks and collecting the premiums which were to be paid to the defendant less the commissions; that this business arrangement was terminated on or about December 9, 1922, at which time there were considerable sums of money due and to become due the plaintiffs from policy holders, sub-agents, etc.; that all of said moneys were collected and retained by the defendant; and there is due plaintiffs from the defendant by reason thereof the sum of $500.

Second cause of action: That on December 9, 1922, plaintiffs were acting as agents for other insurance companies and maintaining

an office and general insurance agency at Utica, N. Y.; that the defendant unlawfully and in violation of its agreement so interfered with the plaintiffs' said insurance business that the plaintiffs lost the confidence and good will of their policyholders, subagents and brokers and were thereby obliged to discontinue their insurance business at Utica, N. Y., to their damage in the sum of $20,000.

As previously shown, the part of the answer objected to charges that the plaintiffs' agent, employee and representative was dishonest. It fails, however, to associate the alleged dishonesty with the plaintiffs or to charge them with responsibility therefor in damages or otherwise.

The allegations referred to fall short of a substantial relationship to the controversy. They are, therefore, irrelevant and should be stricken out.

Motion is granted, with the usual motion costs, to abide the event.