0010

Malcolm J. O'NEAL and C. O. Clark, Jr., Appellants, v. CAROLINA FARM SUPPLY OF JOHNSTON, INC., Respondent. C. O. CLARK, Jr., Appellant, v. CAROLINA FARM SUPPLY OF JOHNSTON, INC., Respondent. C. O. CLARK, Sr., Appellant, v. CAROLINA FARM SUPPLY OF JOHNSTON, INC., Respondent.

(309 S. E. (2d) 776)

Court of Appeals

*C. David Sawyer, Jr.,* and *Richard J. Breibart, Griffith, Coleman, Sawyer & Griffith,* Saluda, and *Kennedy & Price,* Columbia, *for appellants.*

*Joel W. Collins, Jr.,* and *Rhett P. Dave, III, Nelson, Mullins, Grier & Scarborough,* Columbia, *for respondent.*

Nov. 28, 1983.

BELL, Judge:

The plaintiffs in these consolidated cases sued for damages for the death of their swine. They alleged that the loss was caused by toxic corn negligently furnished by the defendant Carolina Farm Supply to the plaintiff C. O. Clark, Jr., doing business as Hillcrest Farm. Hillcrest milled the corn into feed and sold it to two other farms operated by the remaining plaintiffs. The jury returned a verdict for Carolina Supply in all three cases. The plaintiffs appeal. We affirm.

Hillcrest is a farming operation engaged, among other things, in raising feeder hogs and in milling hog feed for sale and for its own use. During the fall of 1978 Hillcrest ordered a "multi" (i.e., three carloads) of No. 2 yellow corn from Carolina Supply for delivery in 1979. The corn was to be stored at Carolina Supply's place of business until Hillcrest had need of it. Hillcrest would then send its trucks to take delivery of the corn in such quantities as it required from time to time.

In July 1979 Carolina Supply delivered a quantity of corn from its bins to Hillcrest's driver. The corn had been purchased from one Rhame. There was testimony that the corn was bad when it was taken from the bins and that the driver called this condition to the attention of Carolina Supply. There was also testimony that the plaintiff C. O. Clark, Sr., a former partner in Hillcrest who was still employed by them at the time, told Carolina Supply the corn was bad after it was delivered.

At the direction of Clark, Sr., Hillcrest milled the corn into hog feed and sold a portion of it to O'Neal and Clark, a hog breeding partnership consisting of Clark, Jr., and plaintiff Malcolm O'Neal. Clark, Sr., also purchased some of the feed for his own feeder hog farm, known as Derrick and Clark. The remaining feed was retained by Hillcrest for its own use.

At the end of July, stock fed with the milled feed began to sicken and die. Laboratory tests on the dead swine showed they had poisoned livers. Tests on the feed and the remaining unmilled corn showed a high concentration of aflatoxin, a toxic substance caused by the growth of the fungus *Aspergillus flavus* on corn. As a result of this discovery, the plaintiffs sued Carolina Supply in tort, alleging it was negli-

gent, willful, wanton, and reckless in furnishing corn which it knew or reasonably should have known was toxic.

Carolina Supply answered the complaints by setting forth several defenses, including: (1) a qualified general denial; (2) the intervening negligence of C. O. Clark, Sr.; (3) the contributory negligence of all the plaintiffs; (4) assumption of the risk: and (5) the sole negligence of Rhame, the farmer who grew, harvested, and stored the corn and sold it to Carolina Supply. All of these defenses were submitted to the jury.

## I.

The plaintiffs assign four errors in the trial of the case. First, they claim the trial judge erred in failing to instruct the jury that Carolina Supply had the burden of proof on the defense of sole negligence of a third party. In particular, they object to the statement of the trial judge that, ". . . it's necessary for the Plaintiff to prove his case against the Defendant. It's not necessary for the Defendant to prove that somebody else was negligent."

The plaintiffs contend the defense of sole negligence of a third party is an affirmative defense and the defendant had the burden of proving it to avoid liability. They rely for this proposition on the decision in *McCabe v. Sloan*, 184 S. C. 158, 191 S. E. 905 (1937). *McCabe* involved a collision between a motorcycle and a pedestrian in which the pedestrian was seriously injured. He sued, alleging the driver of the motorcycle was driving at an excessive rate of speed. In defense the driver alleged that the accident was caused by the pedestrian's dog running in front of and against his motorcycle, without which the accident would not have happened. Bonham, J., described the defense as

> designed to disprove the plea of plaintiff that defendant's alleged negligence was the proximate — the direct cause of the collision. The defendant pleaded an independent, intervening cause.

184 S. C. at 162, 191 S. E. at 907. The Court held the burden of presenting evidence of a fact was on the party pleading it. The opinion does not indicate the Court intended to depart from the settled rule that the plaintiff in a negligence action has the burden of persuasion on the issue of proximate causation.

See, *Humphries v. Union & Glenn Springs Railroad Co.*, 84 S. C. 202, 65 S. E. 1051 (1909).

An affirmative defense conditionally admits the allegations of the complaint, but asserts new matter to bar the action. *Lawrence v. Southern Railway-Carolina Division*, 169 S. C. 1, 167 S. E. 839 (1933). In other words, it assumes all elements of the plaintiff's case have been established. Because the plaintiff is taken to have proved a good cause of action, the burden of proof shifts to the defendant to show he is not liable. On the other hand, where the defendant pleads special matter that denies an element of the plaintiff's cause of action, the defense is not affirmative and the burden of proof remains on the plaintiff to establish his case.

In this case, unlike *McCabe*, we are not concerned with a plea of independent intervening cause. Carolina Supply pleaded the sole negligence of a third party, Rhame. The defendant said, in effect, "I was not negligent; someone else was." This is an evidentiary plea which specifically traverses the allegations of the complaint. It need not be pleaded, since defendant is entitled under his general denial to introduce evidence that the conduct of a third party was the sole proximate cause of the plaintiff's injury. *Funderburke v. Johnson*, 253 S. C. 430, 171 S. E. (2d) 597 (1969). If pleaded, it is a negative defense. *Wilson v. Charleston & Savannah Railway Co.*, 51 S. C. 79, 28 S. E. 91 (1897); *Atlantic Coast Line Railroad Co. v. Thomas*, 83 Ga. App. 477, 64 S. E. (2d) 301 (1951); *Durst v. Brooklyn Heights Railroad Co.*, 33 Misc. 124, 67 N.Y.S. 297 (1900). The burden of proving the defendant's negligence proximately caused the injury remains with the plaintiff. There is no countervailing burden on the defendant to prove that he was not at fault. For this reason there was no error in the trial judge's charge.

II.

The plaintiffs also urge error in the trial judge's refusal to charge their requested instruction No. 1. The requested charge reads:

One who is injured by the wrongful act of two or more joint tort-feasors has the option of bringing an action against either one or all of them as parties defendant, all

being severally liable. *Doctor v. Robert Lee, Inc.*, 215 S. C. 332, 55 S. E. (2d) 68 (1949).

The plaintiffs argue this charge was necessary because Carolina Supply throughout the trial tried to place the cause of the losses on some party other than itself. Each plaintiff was questioned on the witness stand about why suit had not been brought against Hillcrest, Rhame, or other third parties. Counsel argued forcefully that these trial tactics could have created confusion in the minds of a lay jury. As a result of repeated references to the potential liability of others, the jury may have concluded Carolina Supply was not the only one responsible for the death of the swine. The verdict may have been the product of the jury's conclusion that third persons were partly at fault for plaintiffs' losses, even though the jury also believed Carolina Supply was negligent.

The trial judge's refusal to give the requested charge was well within his discretion. It is not error to refuse a request to charge, even if it contains a correct and applicable statement of the law,[1] if its substance is fairly covered by the court's general charge. *Swindler v. Peay*, 227 S. C. 157, 87 S. E. (2d) 296 (1955).

There is no reason to believe the jury was confused on the point suggested by plaintiffs' counsel. The trial judge twice charged the jury that to hold the defendant liable it was not necessary to prove its negligence was the sole proximate cause of the injury. He also correctly charged that

> ... the acts and omissions of two or more persons may operate concurrently as an efficient cause of an injury and in such cases each of the contributing acts or omissions is regarded in the law as the proximate cause *for which each of the participants may be held responsible.* [Emphasis added.]

---

[1] We do not intimate that the requested charge was a statement of the law applicable to an issue before the jury. The case from which the charge was taken dealt with the joining of an additional defendant as a necessary party. In this case, the court had already refused Carolina Supply's motion to join Rhame and Hillcrest as additional defendants. The trial judge may well have concluded that the requested charge would unnecessarily inject an issue already decided by the court and irrelevant to the jury's deliberations.

Taken as a whole, the charge adequately informed the jury that Carolina Supply could be held liable even if someone else was also negligent. We do not believe a jury of ordinary understanding would have missed the point.

## III.

The plaintiffs next contend the trial judge erred in failing to direct a verdict for them on the issue of liability. In effect, they argue that all other inferences are excluded by three facts: (1) the corn furnished by Carolina Supply unquestionably contained a high concentration of aflatoxin; (2) the corn admittedly was not tested by Carolina Supply before delivery to Hillcrest; and (3) Hillcrest's servants called the poor quality of the corn to Carolina Supply's attention and were told the corn was "clean and free."

A motion for a directed verdict should not be granted if the evidence, considered most favorably to the nonmoving party, is susceptible of more than one reasonable inference. *Whisenant v. James Island Corp.*, 277 S. C. 10, 281 S. E. (2d) 794 (1981). For the plaintiffs to prevail on their motion, not only would Carolina Supply's negligence have to be established to the exclusion of all other inferences, but there would also have to be no evidence from which a jury might infer that one or more of the plaintiffs was negligent or assumed the risk that the corn would be harmful to the swine.

At the very least, there was evidence from which assumption of the risk could be inferred. Consider, for example, the following testimony of C. O. Clark, Sr.:

> Q.: But you went ahead and ground it up and fed it to your hogs knowing it was moldy and knowing it was the worse [sic] corn you had ever bought, is that right?
> A.: I did.

Since assumption of the risk would be a complete defense even if the jury found Carolina Supply negligent, *House v. European Health Spa*, 269 S. C. 644, 239 S. E. (2d) 653 (1977), the question of liability was for the jury. The trial judge properly refused to direct a verdict for the plaintiffs.

## IV.

The plaintiffs finally take exception to the granting of

Carolina Supply's motion for a directed verdict on the issue of punitive damages.

Punitive damages may be recovered only if the plaintiff ■■ proves his entitlement to actual damages.[2] *Cook v. Atlantic Coast Line Railroad Co.*, 183 S. C. 279, 190 S. E. 923 (1937). As the jury returned a verdict for Carolina Supply in this case, any issue as to punitive damages is now moot. Counsel conceded as much in oral argument. If granting a directed verdict was error (a point we do not decide), it was harmless error in light of the jury verdict. *Green v. Boney*, 233 S. C. 49, 103 S. E. (2d) 732 (1958).

For the reasons stated, all exceptions are overruled and the judgment of the trial court is

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.

---

[2] Actual damages may, of course, be nominal or presumed in some cases.