1437

Peter A. SCOTT, Appellant v. Jim NOVICH, d/b/a The Hollow, Respondent.
(387 S. E. (2d) 704)

Court of Appeals

*Walter Bilbro, Jr.*, and *C. Steven Moskos*, both of *Bilbro, O'Neill & Associates*, Charleston; and *Grover C. Seaton, III*, Moncks Corner, *for appellant.*

*Stan W. Jaskiewicz* and *Joseph F. Kent*, Charleston, and *William L. Shipley*, Moncks Corner, *for respondent.*

Heard Nov. 13, 1989.

Decided Dec. 18, 1989.

SHAW, Judge:

Appellant, Peter A. Scott, sued respondent, Jim Novich, doing business as The Hollow, for damages under the theory of assault and battery. The jury returned a verdict for Novich and Scott appeals. We affirm.

On or about June 27, 1985, Scott, a patron of a nightclub owned by Novich, became involved in an altercation with

another patron of the club. An employee of the nightclub, Bernard Pipkin, interceded and threw Scott out of the club. During this process, Scott allegedly sustained a back injury. On appeal, Scott argues the trial judge committed various errors entitling him to a new trial or judgment notwithstanding the verdict. We disagree.

Scott first contends the trial judge erred in granting Novich's motion in limine to exclude any evidence of Pipkin's prior crimes. No oral or written order on such a motion is contained in the record. The statement of the case merely provides, "The Lower Court granted Respondent's motion to suppress the prior criminal convictions offered by Appellant for the cross examination and impeachment of Pipkin." The evidence Scott sought to introduce included convictions for resisting arrest, carrying a concealed weapon, failure to stop for a blue light and receiving stolen goods.

It is well settled in this state that the credibility of a witness may be impeached with evidence of his conviction for a crime of moral turpitude. *Rouse v. Mc-Crory*, 291 S. C. 218, 353 S. E. (2d) 130 (1986). Such evidence is admissible if it tends to affect his credibility and is not too remote in time. *Liberty Mutual Insurance Co. v. Gould*, 266 S. C. 521, 224 S. E. (2d) 715 (1976). Thus, a witness may not be impeached by evidence of specific acts of misconduct, except for crimes involving moral turpitude which are not too remote. *State v. Harvey*, 275 S. C. 225, 268 S. E. (2d) 587 (1980). While all crimes involve some degree of social irresponsibility, all crimes do not involve moral turpitude. *State v. LaBarge*, 275 S. C. 168, 268 S. E. (2d) 278 (1980).

A review of the record before us fails to disclose the trial judge's reasons for excluding the evidence. He may have found none of the acts constituted crimes of moral turpitude, he may have considered them too remote, or a combination of these factors may have led him to conclude such evidence was inadmissible. Further, assuming Pipkin's prior convictions involved crimes of moral turpitude which were not too remote, admission of such evidence is addressed to the sound discretion of the trial judge. It is within his discretion to determine whether the prejudicial effect of admitting such evidence outweighs the pro-

bative worth of the evidence on the issue of credibility so as to warrant its exclusion. *Merritt v. Grant*, 285 S. C. 150, 328 S. E. (2d) 346 (Ct. App. 1985). The absence of the trial judge's order on the motion to exclude the evidence provides us with no basis for determining the trial judge erred or abused his discretion in keeping this evidence out.[1]

Scott next contends the trial judge erred in the admission of certain testimony from Scott's former business partner, Peter Sills. Sills, who had been in the upholstery business with Scott, stated Scott's association with the business had ended. Scott objected to the line of questioning and the trial judge, after addressing the relevancy of such testimony, allowed the questioning to continue for the purpose of showing Scott's claim for lost wages. The continued testimony suggested the partnership broke up because Scott wrongfully took money from the business. It further suggested Scott's mother, who testified on Scott's behalf, admitted she had a financial stake in the outcome of the trial. At this point, Scott again objected on the ground of irrelevancy. The trial judge sustained the objection and the direct examination ended with counsel withdrawing the question. While the elicited testimony exceeded the restriction placed on it by the trial judge, Scott let the testimony continue unopposed. When he finally did object, the trial judge upheld the objection. Scott made no motion to strike the offending testimony from the record. Accordingly, we can perceive no error on the part of the trial judge.

Next, Scott contends the trial judge erred in failing to properly charge the jury on a master's responsibility for acts committed outside the scope of the servant's employment which are in furtherance of the master's business. Scott claims the court's charge did not allow the jury to find Novich liable if Pipkin acted beyond his authority but in the furtherance of Novich's business. However, there is no evidence Pipkin was acting outside his authority. To the contrary, Novich's testimony indicates Pipkin was acting

---

[1] The burden is on the appellant to present a sufficient record from which this court can determine whether the lower court erred in respect to admission or exclusion of evidence. *Wilson v. American Cas. Co.*, 252 S. C. 393, 166 S. E. (2d) 797 (1969).

completely within the scope of his employment and was authorized by Novich to help break up the fight.

Scott also contends the trial judge erred in failing to properly charge the jury on the issue of damages. We need not discuss the propriety of the trial judge's charge on this issue, for where the jury finds no liability for actual damages, any error in a charge on punitive damages is harmless. *O'Neal v. Carolina Farm Supply of Johnston, Inc.*, 279 S. C. 490, 309 S. E. (2d) 776 (Ct. App. 1983).

Finally, Scott contends the trial judge erred in failing to grant him a judgment notwithstanding the verdict or new trial in that the jury verdict was contrary to the evidence presented at trial. We disagree. A review of the record discloses ample evidence supporting the jury's verdict.

All other issues raised by Scott are manifestly without merit and are therefore affirmed under S. C. Code Ann. § 14-8-250 (Supp. 1988).

Affirmed.

BELL and CURETON, JJ., concur.