# CIRCUIT COURT OF LOUDOUN COUNTY

Tritec Associates, Inc.

v.

Stiles Machinery, Inc.,
and David Brown

January 13, 1999

Case No. (Law) 19120

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on December 17, 1998, for argument on various post-trial motions filed by the defendants, Stiles Machinery, Inc., and David Brown. After consideration of the grounds stated in the motions, the two oppositions filed by the plaintiff, Tritec Associates, Inc., and the argument of counsel, I rule as follows.

(1) The Motion by Stiles to Set Aside Jury Verdict as Contrary to Law and Evidence is denied.

(2) The Motion by Brown to Set Aside the Conspiracy Verdict in Count V is denied.

(3) The Motion by Brown to Set Aside the Verdict on behalf of Tritec in Count VII (Breach of Fiduciary Duty) is denied.

(4) The Motion by Brown to Set Aside the Award of Punitive Damages as to Count VII (Breach of Fiduciary Duty) is granted.

(5) The Motion by Brown for an award of attorney's fees for a bad faith claim of misappropriation under the Virginia Uniform Trade Secrets Act is denied.

(6) The Motion by Brown for sanctions against counsel for Tritec for a spurious claim of violation of the Virginia Uniform Trade Secrets Act is denied.

My reasons for each decision follow.

## I. *Motion by Stiles to Set Aside the Jury Verdict*

### A. *Effect of Paragraph 20 of the Dealer Agreement on Breach of Contract Claim (Count I)*

I do not agree with Stiles' argument that Paragraph 20 of the Dealer Agreement immunizes it from damages because of its termination of Tritec under the Dealer Agreement. Paragraph 20 must be read in conjunction with Paragraphs 18 and 19. Paragraph 19 specifies that Stiles may terminate the Agreement on the occurrence of any of the events of default specified in Paragraph 18. The jury was instructed on the events of the default and Stiles' right to terminate the Dealer Agreement.

By returning its verdict in favor of Tritec on the breach of contract claim in Count I, the jury must necessarily have found that none of the events of default specified in Paragraph 18 had occurred. The evidence was in conflict. There was evidence to support the jury's determination. If no event of default occurred, then Stiles had no right to terminate the Agreement, and the immunity provisions of Paragraph 20 do not apply. Hence, Paragraph 20 does not immunize Stiles from damages for its breach of the Agreement by terminating Tritec.

### B. *Damages for Sale of Altendorf America and Holzma U.S. Lines of Product for Breach of Contract (Count I)*

Although the Dealer Agreement does not specifically state that Altendorf American and Holzma U.S. lines of product are covered by it, there was evidence presented from which the jury reasonably concluded that the sale of these two product lines, as well as Stiles' Core Products, were covered by the Agreement. The jury was instructed that it could consider the practical construction that Tritec and Stiles placed upon the Agreement in their dealings and conduct with each other. There was evidence to support the jury's determination that all three product lines were included in the Agreement.

If all three product lines were included in the Agreement, then the evidence presented supports a damage award of $140,000.00.

The verdict in favor of Tritec as to Count I (Breach of Contract) awarding damages of $140,000.00 is not set aside.

## C. *Stiles' Counterclaim*

It does not follow that if the jury found that all three product lines were included in the Agreement, then Stiles is entitled to a verdict on its counterclaim based on overpayment of commissions by Stiles. The commissions for Altendorf and Holzma U.S. products may have been in excess of the commissions as calculated under the terms of the Agreement, but the commissions were paid and accepted as a part of the conduct between Stiles and Tritec. Such conduct, as mentioned above, could be considered by the jury. Additionally, the jury was instructed on the defenses of waiver, estoppel, ratification, and laches. Evidence was presented from which the jury could have found that any one or all of the defenses applied.

## D. *Improper Hiring of Brown by Stiles (Count IV)*

The jury found that Stiles had improperly hired Brown but awarded no damages. The evidence was in conflict, but there was evidence to support the jury's verdict. The verdict was not plainly wrong.

## E. *Conspiracy to Tortiously Interfere with Contract (Count V)*

The jury found that Stiles and Brown had conspired to tortiously interfere with the contract between Tritec and Stiles but awarded no damages. The evidence was in conflict, but there was evidence to support the jury's verdict even under a clear and convincing standard. The verdict was not plainly wrong.

## II. *Motion by Brown to Set Aside the Jury Verdict*

## A. *Conspiracy to Tortiously Interfere with Contract (Count V)*

Brown's motion to set aside the verdict as to Count V is denied for the same reason that Stiles' motion as to the same count was denied.

## B. *Breach of Fiduciary Duty (Count VII)*

The jury returned its verdict in favor of Tritec on its breach of fiduciary duty claim against Brown in Count VII. The jury awarded no compensatory damages, but it awarded punitive damages of $10,000.00. There was evidence

upon which the jury could have found that Brown had breached his fiduciary duty to Tritec.

## C. *Punitive Damages Award (Count VII)*

As stated above, as to Count VII, the jury awarded no compensatory damages but awarded $10,000.00 in punitive damages against Brown on Tritec's breach of fiduciary duty claim. Under Virginia law, an award of punitive damages cannot be made without an award of compensatory damages, except in actions for libel and slander. *See, e.g., Gasque v. Mooers Motor Car Co.*, 227 Va. 154 (1984). Tritec has cited *O'Neal v. Carolina Farm Supply, Inc.*, 309 S.E.2d 776 (S.C. 1983), and *Life Ins. Co. of Georgia v. Smith*, 719 So. 2d 797 (Ala. 1998), both of which upheld an award of punitive damages without an award of compensatory damages. I decline to follow these cases because they are contrary to Virginia law.

Because the jury did not award compensatory damages, the punitive damage award must be set aside as a matter of law. The jury did not follow the instructions of the Court.

### III. *Motions of Brown for Attorney's Fees and Sanctions Against Counsel for a Bad Faith and Spurious Claim under the Virginia Uniform Trade Secrets Act*

At the conclusion of Tritec's evidence as to Count X (Violation of the Uniform Trade Secrets Act) of the Second Amended Motion for Judgment, I struck its evidence on this claim for the reasons stated from the bench. I felt that no reasonable person could find that the alleged trade secrets were the subject of efforts that were reasonable under the circumstances to maintain their secrecy. Also, I felt that the damages, if any, from any trade secret violation were too speculative. Tritec's damage came from the improper termination of the Agreement by Stiles, and not from Brown's use, if he did, of any alleged trade secret.

Brown prevailed at trial on the Trade Secrets claim. He now seeks an award of reasonable attorney's fees under Va. Code § 59.1-338.1 alleging that the claim of misappropriation was made in bad faith. After consideration of the evidence presented, I cannot find that the Trade Secrets claim was brought in bad faith. This is not a case where evidence of a trade secret is lacking, but one where there was not enough evidence presented by Tritec to survive a motion to strike. Some efforts were used by Tritec to maintain secrecy of the customer

lists, *e.g.*, attempting to get Brown to sign the Non-Disclosure Agreement. Also, Brown did have a large customer base when he signed his distributor agreement with Stiles after he left Tritec. There is, at least, then an inference that he gained the customer information from the list put together by Tritec. Tritec had a good faith reason to bring the claim.

Brown also seeks sanctions against Tritec and counsel for Tritec under Va. Code § 8.01-271.1 for bringing the Trade Secrets claim. For the same reasons cited above with respect to a request for attorney's fees under the Trade Secrets Act, I do not feel that Tritec or its counsel violated § 8.01-271.1.