(32 Misc. Rep. 46.)

### CARDEZA et al. v. OSBORN.

(Supreme Court, Special Term, Kings County. June, 1900.)

**1.** PLEADING—MOTION TO STRIKE—CANNOT BE MADE AGAINST ENTIRE DEFENSE.
Where a motion to strike irrelevant matter pleaded as a defense applies to all the facts pleaded except a small part, which, if left alone, can be to no purpose whatever, the motion will be considered as aimed at the defense in its entirety.

**2.** SAME.
A motion to strike irrelevant matter will not lie against an entire defense pleaded, on the ground that the facts pleaded do not constitute a defense.

Action by Howard J. M. Cardeza and others against Ellen C. Osborn, impleaded. Motion by plaintiffs to strike out matter pleaded as a defense as irrelevant. Motion denied.

Edward A. Alexander, for plaintiffs.
William P. Pickett, for defendant.

GAYNOR, J. This motion is made under section 545 of the Code of Civil Procedure to strike out as "irrelevant" matter pleaded as a "defense." The matter designated constitutes all of the matter so pleaded except a small part of it which if left alone could be to no purpose whatever. Why it is not included in the motion does not appear. The motion must therefore be deemed one to strike out the so-called defense in its entirety. Such a motion cannot be made, even though the matter does not constitute any defense, as seems to be the case here. The Code provision for the striking out of irrelevant matter obviously does not contemplate the striking out of an entire cause of action or of an entire defense for stating insufficient

facts to constitute a cause of action or a defense, but only the striking out of irrelevant matter stated in a good cause of action or defense. The remedy is by demurrer. Code Civ. Proc. § 494; Walter v. Fowler, 85 N. Y. 621. It would serve no purpose to refer to the cases apparently to the contrary. Most of them are old, and none of them are authoritative.

Motion denied.