### STROOCK PLUSH CO. v. TALCOTT.

(Supreme Court, Appellate Division, Second Department. November 27, 1908.)

1. PLEADING (§ 129*)—ANSWER—ADMISSIONS BY FAILURE TO DENY.
    Under Code Civ. Proc. § 500, subd. 1, requiring the answer to contain a general or specific denial of the allegations of the complaint, it is not necessary for the answer to expressly admit anything in the complaint, for everything not denied stands admitted.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–273; Dec. Dig. § 129.*]

2. PLEADING (§ 79*)—ANSWER—"DEFENSE."
    A defense within Code Civ. Proc. § 500, subd. 2, requiring the answer to contain a statement of new matter constituting a defense, is matter which cannot be proved under a denial, and if provable under a denial which may be pleaded as such, it is not new matter, and is not a defense.
    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 79.*
    For other definitions, see Words and Phrases, vol. 2, pp. 1939–1943.]

3. CORPORATIONS (§ 514*)—ACTION—DENIAL OF CORPORATE EXISTENCE—SUFFICIENCY.
    Under Code Civ. Proc. § 1776, providing that in an action by a corporation the existence of the corporation need not be proved unless the verified answer affirmatively alleges that plaintiff is not a corporation, an answer that defendant has no knowledge or information sufficient

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to form a belief as to the allegation of the complaint that plaintiff is a corporation raises no issue.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2061; Dec. Dig. § 514.*]

4. PLEADING (§ 94*)—DEFENSES AND COUNTERCLAIMS—MANNER OF STATING.

Under Code Civ. Proc. § 507, providing that each defense or counterclaim shall be separately stated, an answer containing several defenses and counterclaims should plead them separately such as "for a first defense," "for a second defense," and so on, and "for a first counterclaim," "for a second counterclaim," and so on.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 191; Dec. Dig. § 94.*]

5. PLEADING (§ 146*)—COUNTERCLAIM—FORM OF STATEMENT.

The phrase "by way of counterclaim" in an answer purporting to set up a counterclaim is improper under the Code, providing for the pleading of new matter directly for a counterclaim.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 294; Dec. Dig. § 146.*]

6. PLEADING (§ 17*)—HYPOTHETICAL PLEADING.

A hypothetical pleading is bad.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 42; Dec. Dig. § 17.*]

7. PLEADING (§ 364*)—MOTIONS TO STRIKE—STATUTES.

The word "pleading," in Code Civ. Proc. § 545, authorizing the striking out on motion of irrelevant or scandalous matter "in a pleading," embraces a defense or counterclaim which are distinct and independent pleadings, and which must be complete in themselves.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 364.*

For other definitions, see Words and Phrases, vol. 6, pp. 5409–5411; vol. 8, p. 7756.]

8. PLEADING (§ 192*)—HYPOTHETICAL DEFENSE OR COUNTERCLAIM—OBJECTIONS—DEMURRER.

A defense or counterclaim which is hypothetically stated is insufficient in law on its face, and is subject to demurrer under Code Civ. Proc. § 494.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 417; Dec. Dig. § 192.*]

Appeal from Special Term, Kings County.

Action by the Stroock Plush Company against James Talcott. From an interlocutory judgment sustaining a demurrer to four defenses for insufficiency and overruling a demurrer to three counterclaims for insufficiency, both parties appeal. Judgment sustaining demurrer to defenses affirmed, and judgment overruling demurrer to counterclaims reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Henry L. Moses (Moses J. Stroock, on the brief), for plaintiff. Arthur C. Rounds, for defendant.

GAYNOR, J. The complaint is brief, plain, and clear. It alleges that the plaintiff and the defendant entered into a contract by which the defendant agreed to purchase of the plaintiff at 62½ cents a yard all of the 27–inch embossed plushes which the plaintiff should manufacture from June 15th, the date of the contract, to the fol-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lowing October 1st, in certain specified patterns, the defendant to designate every 15 days the styles to be made for the next two weeks, deliveries to be made at specified times, and settlements to be made the 10th of each month; that in accordance with the terms thereof the plaintiff manufactured and delivered to the defendant 7,507⅛ yards of the said plushes by July 22d, and that no part of the $4,-691.95 therefor has been paid except the sum of $93.91; that thereafter, and by August 14th the plaintiff manufactured and tendered to the defendant 20,761½ yards thereof, in accordance with the terms of the contract, but the defendant refused to receive the same, and no part of the $12,975.94 therefor has been paid, and that the goods were stored for his account and he was notified thereof; that thereafter the defendant refused and notified the plaintiff that he refused to receive any further deliveries under the said contract; that the plaintiff performed all of the conditions of the contract to be performed by it, and that its damage by the defendant's breaches is $32,574.01.

The answer is about as unscientific, complex and irksome as could be drawn with that object in view. When our system of pleading is so plain and easy, if our Code of Civil Procedure be, followed, and the object of pleadings is to enable the trial judge to see easily and at a glance what the issues are, instead of being baffled and perplexed by them, it is beyond understanding why such an answer as this should be drawn. First in an answer under our system of pleading comes joining of issue on the complaint, i. e., by a general denial or by specific denials, if any material allegation of the complaint can be denied. It is not necessary to formally admit in the answer anything in the complaint; only denials are provided for, and everything not denied stands as admitted. Code Civ. Proc. § 500, subd. 1. Next come defences and counterclaims, viz., "A statement of any new matter constituting a defence or counterclaim." Section 500, subd. 2. And each defence or counterclaim has to be "separately stated and numbered." Id. § 507. A defence, by the said express terms of the Code, must be of new matter, i. e., of matter which cannot be proved under a denial, such as payment, accord and satisfaction, general release, fraud or duress in the making of the contract sued upon, the truth of the charge in an action of libel or slander, another action pending, former adjudication, and so on. If the matter can be proved under a denial which is or could be pleaded, it is not new matter, and should not be pleaded as a defence, and is not a defence, but belongs under a denial, which is negative, and not affirmative, which latter all defences are. If there be no such new matter, the answer should end with a denial or denials. Frank v. Miller, 116 App. Div. 855, 102 N. Y. Supp. 277; Stern v. Marcuse, 119 App. Div. 478, 103 N. Y. Supp. 1026; Cruikshank v. Press Pub. Co., 32 Misc. Rep. 152, 65 N. Y. Supp. 678; Flack v. O'Brien, 19 Misc. Rep. 399, 43 N. Y. Supp. 854; Green v. Brown, 22 Misc. Rep. 279, 49 N. Y. Supp. 163; Von Hagen v. Waterbury Mfg. Co., 22 Misc. Rep. 580, 49 N. Y. Supp. 465; Laurie v. Duer, 30 Misc. Rep. 154, 61 N. Y. Supp. 930; Staten I. M. R. Co. v. Hinchcliffe, 34 Misc. Rep. 49, 68 N. Y. Supp. 556; Schmidt v. McCaffrey, 34 Misc. Rep.

693, 70 N. Y. Supp. 1011; Pascekwitz v. Richards, 37 Misc. Rep. 250, 75 N. Y. Supp. 291; Jaeger v. City of N. Y., 39 Misc. Rep. 543, 80 N. Y. Supp. 356; Sanford v. Rhoads, 39 Misc. Rep. 548, 80 N. Y. Supp. 404; Carpenter v. Mergert, 39 Misc. Rep. 634, 80 N. Y. Supp. 615; Leonorovitz v. Ott, 40 Misc. Rep. 551, 82 N. Y. Supp. 880; Schultz v. Greenwood Cem. Ass'n, 46 Misc. Rep. 299, 93 N. Y. Supp. 180; South Dakota v. McChesney, 87 Hun, 293, 34 N. Y. Supp. 362.

The first subdivision of this answer is an allegation that the defendant has no knowledge or information sufficient to form a belief as to each allegation of the first subdivision of the complaint (which is an allegation that the plaintiff is a corporation and in business), "and therefore denies the same." This is an awkward and unscientific way of availing of the provision of the Code permitting a defendant to put his denial in the form that he denies that he has any knowledge or information sufficient to form a belief of allegations of the complaint, instead of in the form of a positive denial thereof, when he is not able to positively deny them for lack of such knowledge or information. Id. § 500, subd. 1; Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151. And the uselessness and folly of this denial in this answer is manifest in view of the Code provision that issue cannot be raised on an allegation in the complaint that the plaintiff is a corporation by denial at all, but only by an affirmative allegation in a verified answer that the plaintiff is not a corporation (Code Civ. Proc. § 1776); so that after the pleader got through with his verbiage subdivision first was still undenied. The next four subdivisions of the answer formally "admit" various things, some of which are not alleged in the complaint at all; and with these admissions are mingled denials in general terms of everything not admitted, so that tiresome scrutiny is required to find out if anything be denied, and, if so, what it is.

Next come four defences, i. e., of new matter (or, as some call them, "affirmative defences," as though there are "negative" defences, and to distinguish them therefrom, whereas the Code calls them "denials," not defences, and under no system of pleading were they ever named defences); and with each of the three first of these defences is jumbled and mingled a counterclaim, although the Code expressly requires each defence and each counterclaim to be separately stated and numbered. Each is introduced by the following laborious verbiage, varying only from "first" to "second" and so on, viz:

"And for a first, separate and affirmative defense, and by way of counterclaim, the defendant further alleges."

The word "separate" is not only useless, but in this case not true, for a defence and counterclaim are mingled in each case in place of being separated. The Code requires a defence or a counterclaim to be "separately stated," but not the useless allegation that it is separately stated. The thing is to separate it, not to allege that it is separate. That it is separately stated will appear if it be the fact. In a word, instead of the defences and the counterclaims being separated, and pleaded in the simple, crisp and plain form the Code

specifies, viz., "For a first defence," "For a second defence," and so on, and "For a first counterclaim," "For a second counterclaim," and so on, all this time-consuming, useless, and not truthful verbiage was resorted to. And before leaving the subject, the phrase, "by way of counterclaim," may as well not go unnoticed. The simple provision of the Code is not to plead the new matter "by way of a counterclaim," but actually and directly for a counterclaim.

And each mingled defence and counterclaim begins with these contingent or hypothetical words:

"That if, as alleged in the complaint herein, a contract was entered into between the plaintiff and the defendant on or about the 15th day of June, 1907, for the purchase of the goods referred to in the complaint."

And then follows a statement of facts which, in such case, would be, it is claimed, a defence and also a counterclaim. That is to say, if the contract was made, nay, more, only if it was made on or about June 15th, the facts then alleged would be a defence and a counterclaim. The rule that contingent or hypothetical pleading is not allowed and is not good is too ancient and has been too often reiterated to need discussion. It suffices to refer to the recent text books where the cases are collected and the rule stated—if that be deemed necessary. 6 Encyc. Pl. & Pr. p. 270; Phillips on Code Pl. §§ 240, 357; Maxwell on Code Pleading, p. 395; Bliss on Code Pl. § 340. The few cases which are sometimes cited as contrary to the rule are really not so when you come to analyze them attentively.

There has been some discussion as to what the remedy is for such a pleading, i. e., whether by demurrer or motion to strike the pleading or plea out as irrelevant or redundant. Cases of that class were collected in an opinion in this court in Corn v. Levy, 97 App. Div. 48, 89 N. Y. Supp. 658, but without the question being decided. To continue the citation and discussion of such cases would be unprofitable. It suffices to cite a few of them which decide that demurrer is the proper remedy. Goodman v. Robb, 41 Hun, 605; Fasnacht v. Stehn, 53 Barb. 650; Walter v. Fowler, 85 N. Y. 621; Cardeza v. Osborn, 32 Misc. Rep. 46, 65 N. Y. Supp. 450; Durst v. Brooklyn Heights R. Co., 33 Misc. Rep. 124, 67 N. Y. Supp. 297. And it is better yet to read section 545 of the Code of Civil Procedure, the only section of the Code under which a motion to strike out could be made, for it will at once be perceived that it was intended to enable irrelevant or redundant matter to be struck out of a pleading or plea, and not to enable the pleading or plea to be struck out in whole. "Irrelevant, redundant, or scandalous matter contained in a pleading may be stricken (sic) out upon the motion of the person aggrieved thereby," is the provision; and it is obvious enough that the phrase "in a pleading" embraces a defence and a counterclaim, for they are distinct and independent pleas or pleadings, must be complete in themselves and stand alone and on their own allegations. A defence or demurrer which is not positive, but only contingent or hypothetical, is insufficient in law on its face, and therefore subject to demurrer. Code Civ. Proc. § 494.

Having reached this conclusion it is a subject of relief not to have to go through the copious and stretched out verbiage of the so-called

defences and counterclaims, to try to separate them and then see if, in any case, they are sufficient.

The interlocutory judgment should be affirmed in sustaining the demurrer to the counterclaims, and reversed in overruling it to the defences.

Interlocutory judgment affirmed in sustaining the demurrer as to the counterclaims, and reversed in overruling it as to the defenses, and the demurrer sustained thereto, without costs to either party. WOODWARD, JENKS, HOOKER, and RICH, JJ., concur in result.