## WILLIAM J. DIXON & CO. v. BRONSTON BROS. & CO., Inc.

(Supreme Court, Appellate Division, First Department.   February 18, 1916.)

1. CONTRACTS ☞328—SUBJECT-MATTER OF SET-OFF.

In an action on a contract, plaintiff's breach of former contracts will not constitute a defense, unless the contract sued on was an extension of the former contracts, or was subject to the performance thereof, although it may be pleaded as a counterclaim.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1571–1584; Dec. Dig. ☞328.]

2. PLEADING ☞94—ANSWER—SEPARATE STATEMENT OF DEFENSES AND COUNTERCLAIMS.

In an action for breach of contract, whereby plaintiff was appointed defendant's sales agent, defendant by answer set up the making of prior contracts, and plaintiff's violation of contracts, without specifying the particular contract violated, or that the terms of all the contracts were the same, or that the last contract constituted a mere extension of the first. *Held* that, as plaintiff's breaches of prior contracts were no defense, but constituted only counterclaims, plaintiff was entitled, under Code Civ. Proc. § 507, providing for separate statement of counterclaims and defenses, to have the defenses and counterclaims separately pleaded, so as to show under what contract they arose.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 191, 192; Dec. Dig. ☞94.]

Appeal from Special Term, New York County.

Action by William J. Dixon & Co. against Bronston Bros. & Co., Incorporated. From a judgment denying its motion to compel defendant to separately state and number its defenses and counterclaims, and to make its defenses and counterclaims more definite and certain, plaintiff appeals. Order reversed, and motion granted.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Arnold Lichtig, of New York City, for appellant.

F. Wright Moxley, of New York City, for respondent.

LAUGHLIN, J.   This is an action for damages for the breach of a contract alleged to have been made between the parties on the 1st day of December, 1911, by which defendant employed the plaintiff as its sales agent for its entire output of children's, boys', and men's hats and millinery goods in certain territory on a commission basis, for the period commencing July 1, 1912, and ending on the 30th day of June, 1915; the defendant, however, reserving to itself the right to sell direct to "the men's retail hat trade" without liability to plaintiff for commissions. The defendant by its answer has attempted to deny the contract *as alleged,* for it denies the allegations of the complaint with respect to the terms of the contract, but admits, by failing to deny, the allegations with respect to the period covered by the contract, and it sets forth various allegations with respect to provisions of the contract which are not contained in the complaint.

Under the heading "for a first, separate, and distinct defense, and by way of counterclaim, defendant alleges," the answer contains 15

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

paragraphs, in which it is alleged that a contract was made between the parties on the day specified in the complaint, some of the covenants of which are set forth and referred to in the complaint, but that many are omitted therefrom, and in which the making of two prior contracts between the parties is alleged, one on the 1st day of July, 1910, alleged to have terminated on the 30th day of June, 1911, and the other on the 28th day of January, 1911, which it is alleged had not expired when the contract of December 1, 1911, was made. In these paragraphs various violations of the three contracts are alleged in general terms, without specifying the particular contract violated, and there is no allegation that the terms of the contracts were the same, or that the successive contracts constituted mere extensions of the first contract alleged in the answer. The defendant then demands that the complaint be dismissed, and that it have judgment against the plaintiff for the sum of $10,000.

[1, 2] Unless the last contract, which is the one on which the complaint is based, constituted a mere extension of the former contracts, or by agreement of the parties the rights of the plaintiff thereunder were made subject to performance on his part of the former contracts, it is manifest that a breach of either of the former contracts would not constitute a *defense* to the action. A counterclaim arising under any of the contracts would, of course, be good. The plaintiff, however, is entitled to have the defenses and counterclaims separately stated and numbered (Code of Civil Procedure, § 507; Stroock Plush Co. v. Talcott, 129 App. Div. 14, 113 N. Y. Supp. 214; Morron v. Bryce, 162 App. Div. 466, 147 N. Y. Supp. 931; Empire Trust Co. v. Magee, 117 App. Div. 34, 102 N. Y. Supp. 9; Outcault v. Bonheur, 120 App. Div. 168, 104 N. Y. Supp. 1099; Nat. G. & M. Co. v. MacCormack, 124 App. Div. 569, 109 N. Y. Supp. 286); and it is also entitled to have the defenses so pleaded as to show under which contract they arise, unless facts are pleaded which render this immaterial, but that does not appear by the allegations of the answer now before the court (Browning, King & Co. v. Terwilliger, 144 App. Div. -516, 129 N. Y. Supp. 431).

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. Order filed. All concur.