SECURITY TRUST COMPANY OF ROCHESTER, Individually, etc., Plaintiff, *v.* ALBERT R. PRITCHARD et al., Defendants.

Supreme Court, Monroe Special Term, June 4, 1924.

Corporations — representative stockholder's action — prior action by defendant director claiming damages based on ownership of stock and assignment of claim by corporation to him — claims in prior action not proper counterclaims under Civil Practice Act, § 266, in representative stockholder's action — extension of time under Civil Practice Act, § 98, to move to dismiss counterclaims granted — extension of time under Civil Practice Act, § 98, to move to strike out denials and defenses under Rules of Civil Practice, rule 105, denied for laches.

In a representative stockholder's action to recover property alleged to have been illegally and fraudulently transferred claims made by a defendant director in a prior action by him for personal relief based upon his claim of sole ownership of the stock and an assignment of the claim by the corporation to him are not proper counterclaims under section 266 of the Civil Practice Act, since there is another action pending between the same parties and no assignment of the claim by the corporation is properly alleged and for the further reason that the causes of action are not only wholly dissimilar but also cover different periods in the life of the corporation and are urged against different parties.

An extension of time to move to dismiss counterclaims may be granted under section 98 of the Civil Practice Act where said counterclaims have already been dismissed upon a motion by other defendants.

A motion under section 98 of the Civil Practice Act to extend the time to strike out denials and defenses under rule 105 of the Rules of Civil Practice will be denied for laches where the questions raised by the motion may be properly raised on the trial without prejudice to the moving parties.

MOTION to dismiss counterclaims and for other relief.

*Harris, Beach, Harris & Matson* (*Percival D. Oviatt*, of counsel), for the plaintiff.

*Hubbell, Taylor, Goodwin & Moser*, for the defendant Lincoln National Bank.

*J. M. E. O'Grady*, for the defendants Pritchard and Pritchard Stamping Company.

RODENBECK, J. The Pritchard cause of action has been sustained on a motion to dismiss, but this does not give it currency as a counterclaim in any action in which he is a defendant. It must run the gauntlet of the limitations placed upon a proper counter-

claim to sustain its position. Civ. Prac. Act, § 266. In this instance the facts in the Pritchard action are set up as counterclaims in the Security Trust Company's action although the actions are based upon different theories, relate to different periods, transactions and subjects and seek relief against different parties. Pritchard's action is one for personal relief for damages occasioned to the Pritchard Stamping Company based upon his claim of sole ownership of the stock and an assignment of the claim by the company to him. Under this state of facts no one is interested in the action except Pritchard and there is no reason for going through the form of having the company sue although the claim originally belonged to the company. The Security Trust Company's action is a characteristic representative stockholder's action to recover property alleged to have been illegally and fraudulently transferred. If Pritchard succeeds in his action, the recovery goes directly into his pocket, but if the Security Trust Company succeeds, the recovery goes into the treasury of the Pritchard Stamping Company for the benefit of creditors and stockholders. The causes of action are not only wholly dissimilar but cover different periods in the life of the Pritchard Stamping Company and are urged against different parties. The period covered by the Pritchard action is from 1912 to 1920 and by the Security Trust Company action the year 1920, and the former is advanced for misconduct against Wile, Friederich and Barnard and the corporations which they represented and the latter against Pritchard himself. Pritchard's cause of action is against the parties named for misconduct in the management of the Pritchard Stamping Company at a time when it was turned over to trustees to save it from liquidation, while the Security Trust Company's action is against Pritchard himself for alleged fraudulent and illegal transfers of property of the Pritchard Stamping Company. Pritchard interposes in the Security Trust Company's representative action against himself his personal claim against Wile, Friederich and Barnard and the corporations which they represented. This cannot be done because there is another action pending and two chances are not given litigants to establish their claims and because the Pritchard counterclaims do not defeat or diminish the Security Trust Company's cause of action and do not grow out of the same transactions or subject of action. Civ. Prac. Act, § 266. Even if the Pritchard counterclaims be treated as representative, the same result follows.

A recovery in the Pritchard action or on the Pritchard counterclaims would defeat the Security Trust Company action because such a recovery would be based upon the sole ownership of the stock in Pritchard which is inconsistent with the Security Trust

Company's claim of ownership of stock, but the cause of action itself is not destroyed and may be asserted by those having the right to do so. The Pritchard Stamping Company's counterclaim would not defeat the claim of the Security Trust Company, not being inconsistent with it, and both being separate causes of action in favor of the Pritchard Stamping Company, in the one case asserted by it directly in its counterclaim, and in the other case indirectly by the Security Trust Company, an alleged stockholder. The proofs, if sufficient, under denials as to stock ownership in the answer would defeat the Security Trust Company's action and it is a specious argument to say that, because the Pritchard counterclaims, if established, also have that effect, they are proper counterclaims. The effect of a counterclaim to tend to defeat another action is not the only test under the statute. It must arise out of the transaction set out in the complaint or be connected with the subject of the action. The subject of the Security Trust Company's action is the alleged illegal and fraudulent transfer by Pritchard and that of Pritchard's action is the misconduct of Wile, Friederich and Barnard and the corporation which they represented in the management of the Pritchard Stamping Company. The transactions are not the same and the subjects of the causes of actions are different.

The motion to dismiss the counterclaims, therefore, in the answer of Albert R. Pritchard is granted on the ground that that they do not state facts sufficient to constitute a cause of action, no assignment being properly alleged. Civ. Prac. Act, § 266. An extension of time is granted to move to dismiss the counterclaims in the answer of Albert R. Pritchard and the Pritchard Stamping Company on the grounds mentioned in the motion, the counterclaims having been heretofore dismissed upon a motion by other defendants (Civ. Prac. Act, § 98), and the counterclaims of Albert R. Pritchard are dismissed on the ground that there is another action pending between the same parties for the same cause of action and upon the further ground that the counterclaims may not properly be interposed in the action. Civ. Prac. Act, § 266; Rules of Civil Practice, rule 110. The counterclaims of the Pritchard Stamping Company are dismissed on the ground that they are not counterclaims that may be properly interposed. The rules of pleading provide that denials of material allegations in the complaint shall not be repeated or incorporated in a separate defense or counterclaim and that any fact once denied shall be deemed denied for all purposes of the pleading (Rules of Civil Practice, rule 90), but such denials are required to be stricken out upon motion made within twenty days after the service of the pleading. Rules of Civil Practice, rule 105. Pritchard and the Pritchard Stamping Com-

pany in their answers have not observed this rule of practice with reference to denials and the moving parties have not observed the rule relating to striking out denials. The motion for the enlargement of the time and to strike out denials and defenses is denied because of laches and because the questions may properly be raised on the trial without prejudice to the moving parties. *Walter* v. *Fowler*, 85 N. Y. 621; *Uggla* v. *Brokaw*, 77 App. Div. 310; *Cardeza* v. *Osborn*, 32 Misc. Rep. 46. In other respects than as above indicated the motions are denied.

The effect of this decision is to eliminate the counterclaims of Pritchard and the Pritchard Stamping Company, which can be more appropriately urged in separate actions, and to leave in the answers the denials and defenses objected to, which can do no harm, to be disposed of on the trial.

Ordered accordingly.