LESLIE LEVI, Doing Business as IVEL PROCESS COMPANY, Appellant, *v.* L. A. THOMPSON SCENIC RAILWAY COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, December 15, 1926.

Contracts — breach — breach of contract distinct from one in suit cannot be interposed as defense.

The breach of a contract separate and distinct from the one in suit cannot be interposed as a defense to that agreement, and the admission of evidence confusing the two contracts is erroneous.

APPEAL by plaintiff from judgment of the Municipal Court, Borough of Manhattan, Third District, dismissing complaint and directing judgment in favor of defendant on its counterclaim.

*Hays, Podell & Shulman* [*Mortimer Hays* of counsel], for the appellant.

*Hollinger & Cormier* [*Victor C. Cormier* of counsel], for the respondent.

30

PER CURIAM. Since the agreement in suit is on its face a complete contract, separate and distinct from the agreement regarding the Hippodrome scene, it was error to admit evidence confusing the two separate contracts and regarding them as one agreement. The breach of a contract separate and distinct from the one in suit cannot be interposed as a defense to the agreement that is being litigated in the case at bar. (*Dixon & Co.* v. *Bronston Bros. & Co.,* 171 App. Div. 552.)

Defendant's Exhibit M should have been excluded from the evidence, since it is not a contract between the parties and it in itself tends to vary the terms of the contracts Exhibit I and Exhibit B.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, O'MALLEY and LEVY, JJ.