In view of all the foregoing, we are of the opinion that this plaintiff is entitled to a permanent injunction against the defendant preventing him from further engaging along the route which he formerly worked for the plaintiff in soliciting the trade of its old customers, for a competing business.

An entry may be drawn accordingly.

Common Pleas Court of Franklin County.

BERT YOUNG V. METROPOLITAN LIFE INSURANCE COMPANY.

Decided June 25, 1930.

*Knepper, Wilcox & Bridge,* for plaintiff.
*Charles Wardlow,* and *James I. Boulger,* for defendant.

KING, J.

Heard upon general demurrer and demurrer to the reply and amendment to the reply on the ground that the reply and amendment to reply on their face are insufficient in law.

Learned counsel for the defendant insurance company have furnished the court with an excellent memorandum in support of their contention. They have presented their contention in a clear and convincing manner and therefore merit commendation.

Plaintiff seeks to recover a sum of money which he claims to be due him from the defendant on a life insurance policy issued to him by the defendant company. The facts alleged in the petition are in substance as follows:

The defendant insurance company on the 22d day of January, 1907, in consideration of the payment of the

premium of $13.23 semi-annually for a period of 20 years from date of policy, executed and delivered a policy of insurance on life of plaintiff in the sum of $1,000.

It is further alleged by the plaintiff that by the terms of the policy it was provided that at the expiration of 20 years from the date of the policy, the plaintiff, if living and if having paid the premiums for 20 successive years, might, in lieu of continuing the policy, by the payment of certain further premiums, to-wit, the sum of $10 per year, have the choice of one of the four certain options mentioned in said policy, among which was an option designated as No. 4, to-wit:

"4. To receive in cash one thousand and thirty-two dollars and to continue the policy as a whole life policy by the payment of $20.92 and a like amount annually thereafter during the life of the insured, the policy to be endorsed to that effect by the company."

Plaintiff further says that prior to the 22d day of January, 1927, on or about the 22d day of December, 1926, the plaintiff was living, had paid the premiums mentioned in said policy for 20 successive years and had otherwise performed each and all of the conditions of said policy on his part to be performed; that prior to the 22d day of January, 1927, plaintiff elected to accept option No. 4, as designated in said policy and notified defendant of such election in the manner and form as provided by said company, and surrendered said policy to be endorsed as is therein provided and demanded from the defendant the sums of $1,032 less the sum of $350, to which the defendant is entitled as a credit, said sum being the amount due on January 22, 1927, on a promissory note executed and delivered by the plaintiff to the defendant on or about the 30th day of July, 1925. Plaintiff asks judgment in the sum of $682.30 with interest.

The defendant filed its answer setting forth two defenses. In the first defense, the defendant alleges that on or about the 22d day of January, 1907, the defendant entered into an agreement with the plaintiff whereby the defendant agreed, in consideration of the payment by the

plaintiff to the defendant of the semi-annual premium of $13.23, and the payment of a like amount each 22d day of January and July thereafter for the first twenty years and of the payment annually thereafter of $10 on the 22d day of January until the death of the insured, to insure the life of the plaintiff in the sum of $1,000, and to issue to said plaintiff a policy of insurance in accordance with said agreement.

That as a part of said agreement the defendant further agreed that at the expiration of twenty years from the date of said policy, if the insured should then be living and the premiums had all been paid and there should be no indebtedness from the plaintiff to the defendant on such policy, the defendant should, upon the surrender of said policy have the choice of one of the following options:

"(1). To receive the total cash surrender value of $402.

"(2). To receive a paid up non-participating life policy for $757.

"(3). To receive an annuity contract providing for the yearly payment of $31.24 during lifetime; the first payment of the annuity to be made one year from date of issue of the annuity contract.

"(4). To receive in cash $132 and to continue the policy as a whole life policy by the payment of $20.92 and a like amount annually thereafter, the policy to be endorsed to that effect by the company."

The defendant on or about the 22d day of January, 1907, issued and delivered to the plaintiff a written policy of insurance, which is the policy sued upon in the petition, which policy, as alleged by the defendant, was intended by said plaintiff and defendant to contain and be in accordance with the terms and provisions of said agreement, but by mistake in transcribing said policy the amount of $1,032 instead of the amount of $132 was inserted as the cash to be received under said Option No. 4, and by mutual mistake of the defendant and plaintiff and without any knowledge of the defendant of such mistake, said policy so erroneously transcribed was issued and delivered by said defendant and received by the plaintiff.

Defendant alleges that a further provision of said policy provided that the total cash surrender value of said policy at the expiration of 20 years from the date of the policy should be $402 and all of said options were based upon such total cash surrender value and were understood by the plaintiff and defendant so to be; and the amount of $1,032 as the amount of cash to be received by the insured under said Option No. 4 is inconsistent therewith.

The entire amount payable under the provisions of said policy in the event of the death of the insured was $1,000 and the amount of $1,032 claimed by the plaintiff as the cash to be received by the plaintiff under said Option No. 4 is inconsistent therewith.

The defendant further alleges that before the commencement of this action the defendant notified the plaintiff of said mistake and demanded that he reform said policy to correct said mistake but the plaintiff has failed and refused so to do.

Defendant further says that at the time said agreement was made and said policy was issued, the defendant was then issuing policies identical with the said policy to all other persons insured by the defendant under such policy of the same class and equal expectation of life as the plaintiff, in which the cash payment to be received by such insured under said Option No. 4 was $132; and that such policy was not knowingly issued to such insured of the same class and equal expectation of life in such policy in which the cash payment to be received by the insured under said Option No. 4 exceeded or was other than the amount of $132; and the defendant has never since issued or offered to issue to any other insured of the same class and equal expectation of life as the plaintiff, and at a like premium, a policy like the policy described in the petition in which was provided any cash payment to be received by the insured under said Option No. 4 as great as $1,032; that the premiums specified in the policy described in the petition was the premium universally and uniformly established and maintained by the defendant at the time said policy was issued, for like policies issued by it to this

insured under such policies of the same class, and equal expectation of life as the plaintiff purchased upon exercise of the option by the insured to receive cash at the expiration of twenty years as provided in said Option No. 4 of said policy, only the sum of $132, in addition to the privilege of continuing said policy upon the terms provided in said Option No. 4.

Defendant further alleges that said policy as relied upon, described and interpreted in the petition would, because of the premiums prescribed therein and the benefits payable thereunder, make a distinction and a discrimination in favor of the plaintiff, between the plaintiff and all other insured of the same class and equal expectation of life insured by the defendant and would permit the plaintiff to receive special favor and advantage in such benefits over other insureds.

Under the second defense, the defendant denies that the policy sued upon in the petition provided that at the expiration of twenty years from the date of the policy of plaintiff, if living, and having paid the said premiums for twenty consecutive years may in lieu of continuing the policy, by the payment of certain premiums, to-wit, the sum of $10, per year, have the choice of one of the four certain options mentioned therein. The defendant says that the policy provided that at the expiration of 20 years from the date thereof, if the insured were then living and the premiums mentioned therein had been paid for twenty consecutive years and there were no indebtedness thereon to the defendant, the owner, in lieu of continuing the policy by the payment of the annual premium of $10 a thousand, could have the choice of one of the four certain options mentioned therein. Defendant alleges that at the expiration of twenty years from the date of said policy there was an indebtedness thereon from the plaintiff to the defendant in the sum of $350.72 and that by reason of said indebtedness as alleged by the defendant the plaintiff had no right to any of said options.

Defendant prays that the provisions of said option No. 4 in said policy described in the petition, so calling for

the sum of $1,032 as the cash to be received by the insured upon the exercise of said Option No. 4, be held to be inconsistent with all the other terms and conditions of said policy and that said policy be interpreted to call for the sum of $132, or that said policy be corrected and reformed so as to state and provide in said Option 4 that the amount of cash to be received by the insured be the sum of $132 instead of the sum of $1,032.

Now to this answer plaintiff files his reply and amendment to the reply, in which he admits that he was notified of the alleged mistake and demanded that he reform the policy to correct said alleged mistake and has failed and refused to do so. Plaintiff further says that if it be true, which he denies, that there was a mistake in such policy, the plaintiff had no knowledge of said alleged mistake and he paid the premiums as provided therein for over 20 years, relying upon the plain and specific written provisions therein contained which he believed to be true; that the plaintiff learned of such alleged mistake, if such it was, for the first time when he exercised the Option No. 4, contained in said policy, immediately prior to the expiration of the 20 year period and defendant actually knew or should have known of such mistake on its part existed, if in fact it existed, during all said 20 year period, yet defendant failed to notify the plaintiff thereof but continued to accept the premiums tendered by him, and the time has long since passed when the defendant in good conscience and equity ought to be permitted to assert the said alleged mistake on its part as a ground for avoiding the plain and specific written terms of said policy.

Plaintiff further alleges that no action was brought to reform the mistake within the period of ten years following January 22, 1907.

With reference to the allegation contained in the answer of the defendant company as to the issuing of policies identical with the policy issued to the plaintiff to other persons insured by the defendant being in the same class and expectation of life as the plaintiff, in which the cash payment in said policy was $132 instead of $1,032, and

the further allegation by the plaintiff that the premiums specified in that policy described in the petition was at the premium rates universally and uniformly established and maintained by the defendant at the time the policy was issued for like policies, and the allegations in the answer that said policy as relied upon and described and interpreted in the petition would because of the premium prescribed therein and the benefits payable therein make a distinction and discrimination in favor of the plaintiff between the plaintiff and all others insured in the same class and expectation of life, thereby permitting the plaintiff to receive special favor and advantage in such benefits over other such persons insured. The plaintiff in his reply in substance says that if it be true, which he expressly denies, that the plaintiff had no knowledge or information concerning the same.

Plaintiff further says in his reply that if it be true that said policy makes a distinction and discrimination in favor of the plaintiff between the plaintiff and other insured of the same class and expectation of life insured by the defendant, and if it would permit the plaintiff to receive special favor and advantage of such benefits over such other insured, and if it be true that such policy, or any part thereof is void on account of such distinction, discrimination, special favor or advantage as is alleged by defendant, all of which the plaintiff denies, then the defendant, with full knowledge, as aforesaid, has been receiving from the plaintiff the premiums provided to be paid by said policy during all of said period of 20 years without affording plaintiff any protection whatsoever and defendant ought not now be permitted to question the validity of said policy or to take advantage of such distinction, discrimination, special favor or advantage, if such there be, in order to escape the liability imposed upon it by the plain written terms of such said policy without restoring to the plaintiff all of the said premiums so received by it from him with interest on each installment at the legal rate.

In his amendment to the reply, the plaintiff alleges that

the contract of insurance described in the pleadings, contained among others the following provision:

"Incontestability. This policy shall be incontestable except for non payment of premiums two years from this date."

To the reply and the amendment thereto, plaintiff has filed a general demurrer and has also demurred to the separate avoidance of the defense embodied in the third, fifth, sixth, seventh paragraphs of the reply and also to the separate avoidance contained in the whole of the last paragraph of the reply immediately preceding the prayer, and the avoidance embodied in the amendment to the reply, on the ground that the separate avoidances are insufficient at law.

In the main, the following propositions are presented for determination by the court:

First, does the petition state sufficient facts to constitute a cause of action?

Second, is the defendant guilty of laches?

Third, is lack of knowledge or information on the part of plaintiff that a mistake in the policy which will result if enforced in discrimination in favor of plaintiff to the prejudice of other policyholders in like class sufficient in law as an avoidance?

Fourth, is the plaintiff entitled to be restored to the premiums paid by him during the twenty years, a condition precedent to the right of defendant to relief from mistake as prayed for?

It is an elementary proposition of law that the demurrer searches the record and judgment rendered against the party whose pleading is defective in substance. The defendant has filed a general demurrer to the entire reply and amendment. The first inquiry therefore is, does the petition state sufficient facts to constitute a cause of action?

The plaintiff alleges in his petition that at the expiration of 20 years from the date of the policy of insurance in lieu of continuing the policy by the payment of certain further premiums, to-wit, the sum of $10 per year,

he may have the choice of one of the four options mentioned in the policy of insurance. Plaintiff alleges that he elected to accept Option No. 4, which option provides as follows:

"To receive in cash $1,032 and to continue the policy as a whole life insurance policy by the payment of $20.92 and a like amount annually thereafter during the life of the insured, the policy to be endorsed to that effect by the company."

Before plaintiff can obtain the benefits and privileges of Option No. 4 as contained in the policy there are certain conditions precedent which must be complied with by the plaintiff. The policy must have been in force 20 years, the premiums paid for 20 consecutive years, and no indebtedness to the company. If these requirements are met, then under Option No. 4, plaintiff is entitled to a certain sum therein specified in cash, and to continue the policy as a whole life policy by the payment of $20.92, and a like amount annually thereafter during the life of the insured. Under Option No. 4 plaintiff is not entitled to a cash surrender value solely. In addition to the cash to be paid holder of policy if all of the conditions are met, certain obligations are imposed upon him. He is obliged to continue the policy by the payment annually of the premium therein specified, namely, $20.92.

Plaintiff alleges that the policy has been in force 20 years and that he has paid the premium, but has wholly failed to allege that he elected to continue the policy as a whole life policy, and that he offered to pay the sum of $20.92 annually, being the premium on such a policy, as is provided in Option No. 4. This is necessary to enable plaintiff to take advantage of this option. When there are several options, such as those provided in this policy, it is incumbent upon the plaintiff clearly to show that he exercised his election in the manner prescribed by the policy.

Plaintiff's theory is that having paid twenty successive premiums and twenty years having expired, he is entitled to $1,032, less amount he owes the company. There

is no provision in the policy which will justify such a theory. The demand made by plaintiff is not in accordance with any one of the four options, as contained in the policy.

Under Option No. 1, plaintiff might elect to receive the sum of $402 as the total cash surrender value. If plaintiff is attempting to take advantage of this option the petition would have to be dismissed because of lack of jurisdiction. Under the provisions of Section 11215, General Code, the Common Pleas Court does not have original jurisdiction in the sums under $100. It is conceded that plaintiff owes the company $350, and the difference between $402 and $350 is $52.

As said by learned counsel, "the policy of itself merely provides for the payment of a thousand dollars to the beneficiary at the death of insured, if the premiums are paid. Therefore, these options are matters of grace. They are in the nature of exceptions to the general purport of the policy, and hence the rule applies *a fortori* that it is incumbent upon the insured clearly to show that he has brought himself within the provisions of these exceptions to the general terms of the policy."

In view of these considerations the plaintiff has failed to set forth in his petition sufficient facts to constitute a cause of action.

Moreover, it is a provision of the policy that there must be no indebtedness to the company at the time election of option is made. Plaintiff was indebted to the company, and so alleges in his petition. In the second defense of the answer to the petition this indebtedness is set forth.

Considering the other branches of the demurrer, the court desires to say that the reply contains a general denial which is followed by alternative admissions of an argumentative nature, which must be treated as an attempt to plead by way of confession and avoidance, and it is these that are specifically attacked by the branches of the demurrer now to be discussed, which discussion perhaps is unnecessary in view of the ruling of the court upon the first branch of the demurrer which searches the

record and under which the petition has been held defective; the court, however, has deemed it proper to consider these questions in order to give the plaintiff the advantage of having whatever facts may be pled in the reply considered with the petition. The admissions contained in these branches of the reply must be regarded as effective notwithstanding the denials, parenthetical or hypothetical, pled to them, under *Reif* v. *Mulholland,* 65 Ohio St., 178; *Winzeller* v. *Knox,* 109 Ohio St., 503, 513, *et seq.* While technically the method of pleading is bad because color is impliedly given to the answer by the avoidance, yet this coupled with the argumentative or hypothetical averment "if it be true" vitiates the whole subdivision of the reply (Phillips on Code Pleading, Section 240), yet I have decided to apply the rule of construction adopted in the last foregoing cited Ohio cases and to ignore the improperly inserted argumentative clause in order that the facts pled by plaintiff may be considered on their merits without resort to technicality. See 1 Bates on Pleading (2d Ed.), p. 261; *Stroock Plush Co.* v. *Talcott,* 113 N. Y. Supp., 214; *Stevenson* v. *Victor,* 182 N. Y. Supp., 88.

Furthermore to argue that if certain facts are true then other designated facts constitute a defense to the first set of facts seems to be inconsistent with a denial of the existence of the facts hypothetically admitted, especially when they appear in the same branch of the pleading. In other words, if one replies to defensive allegations on the theory that the reply is to destroy the effect of the defense, he must concede the averments of that defense, as his mere denial of them would obviate the necessity for affirmative pleading; to couple the two theories is to render the reply subject to repugnancy, which prevents the denial being admitted by the demurrer. *Peterson* v. *Roach,* 32 Ohio St., 374.

In the amendment to the reply the plaintiff seeks to invoke the doctrine of waiver, alleging that this indebtedness was waived by the company. To this the plaintiff demurs.

The attempt of the plaintiff to set up in his reply waiver clearly constitutes a departure. It is incumbent upon the plaintiff in setting forth his cause of action to allege that all of the terms and provisions upon his part to be complied with have been complied with. If a condition or provision has not been met, it is a part of his cause of action to show that failure to comply therewith was waived or excused by the defendant.

It is well settled that if the petition alleges performance and the reply alleges excuse for non-performance there is a departure. *Kehm* v. *German Mutual Insurance Co.,* 12 Ohio Dec., 227; *List* v. *Chase,* 80 Ohio St., 42; *Minnear* v. *Insurance Co.,* 12 C. C. (N. S.), 411, 5 Joyce on Insurance (2d Ed.).

In *Federal Life Insurance Company* v. *Barnett,* 71 Ind. App., 613, 125 N. E., 522, the court at page 529 (Northeastern Rep.) say:

"It is well settled that the reply must support the complaint. A violation of this rule is termed a departure, and takes place when the plaintiff deserts the cause of action stated in the complaint and resorts to another. A departure must be taken advantage of by a demurrer. * * * The cause of action alleged in the complaint is grounded on the allegations that the insured fully performed all the terms and conditions of the policy as required of him. The reply deserts that position, and admits that he did not so perform and alleges a waiver of performance."

In the instant case the plaintiff in his petition alleges that he performed each and all of the conditions of the policy on his part to be performed, and then in the reply alleges non-performance and offers an excuse therefor, which as I have said before is a departure.

Counsel for company contend that plaintiff has not properly pled waiver and that this constitutes an additional reason for sustaining demurrer directed to this branch of the reply. In this connection we believe counsel to be correct.

Plaintiff in reply says that he was notified on or about the 22d day of December, 1926, by the defendant that

each and all of the options described in the policy were in full force and effect, and requested the plaintiff to exercise any one of the options, which option plaintiff exercised on form furnished by defendant by selecting Option No. 4 on the 22d day of December, 1926. Plaintiff alleges that this was done with full knowledge by the defendant of the indebtedness, and with full knowledge of the terms and conditions of the policy by the defendant.

These facts are not sufficient to constitute a waiver. The facts alleged simply disclose that the defendant company on the date alleged notified plaintiff that the time had arrived when the plaintiff had the right to exercise any one of the four options mentioned in the policy. The policy provided that at the expiration of the twenty year period the option provided in the policy could be taken advantage of by the insured. Now the twenty year period would not be due until January the 21st, 1927. Plaintiff does not allege that company in notice to him said it would waive the conditions that there should be no indebtedness. One of the provisions of the policy was, that if there was no indebtedness to the company plaintiff could exercise any one of the four options. Plaintiff knew of this provision. The company in sending the notice to him had a right to assume that before plaintiff would exercise his option he would pay any indebtedness on the policy.

If at the time the notice was sent by the insurance company to the plaintiff, it did not know or could not know that at the time plaintiff exercised the option there would be any indebtedness, how could the company be said to waive such indebtedness?

Waiver consists in the relinquishment of a known right. A party cannot be deemed to have waived a right based upon material facts, the existence of which he did not know. If the plaintiff had exercised the option with the indebtedness existing, and the company recognized the exercise of that option by telling plaintiff that they would deduct the indebtedness, then it might be said that the company was attempting to waive the provision. However, in such an event, in our opinion, in taking advan-

tage of Option 4 the company would have no right under the statute to waive such indebtedness, as this would constitute a discrimination. When the company sent the notice to the plaintiff it had no right or privilege of rejecting the option. The time had not yet arrived for the exercise of the option. Indebtedness at the time of the exercise of the option is the controlling feature. The effect of the notice was to call attention of plaintiff that within about thirty days the twenty year period provided in the policy would expire, at which time if conditions therein named were met plaintiff would have the right to exercise any one of four options. One of the conditions provided and as a condition precedent, as contained in the policy, was that there should be no indebtedness. The defendant was under no obligation to specifically call plaintiff's attention to this indebtedness. The policy was in the possession of the plaintiff, and he is presumed to know the provisions, and the company in sending this notice was warranted in presuming that plaintiff would comply with the provisions of the policy by paying the indebtedness to the company before exercising any option. There is a total failure to allege any fact from which even an inference may be drawn that defendant company waived the payment of the indebtedness as a condition precedent to the exercise of the option on the part of the plaintiff.

We will now consider the alleged mistake occurring in the sum of money to be paid as provided in Option No. 4. Defendant in its answer alleges that by a mistake in transcribing policy sued upon, the amount of $1,032 was inserted as the cash to be received under Option No. 4, instead of $132, and that by mutual mistake of the defendant and plaintiff, and without any knowledge of the defendant of such mistake, said policy was erroneously transcribed, issued and delivered to plaintiff. Plaintiff seeks to avoid this alleged mistake by claiming that, if it be true that such is a mistake he had no knowledge of the same, and relying upon the plain written provisions of the policy paid the premiums for over twenty consecu-

tive years in good faith, and that the time has passed when the defendant in good conscience and equity ought to be permitted to assert the mistake. Is the defendant entitled to relief for such a mistake?

This question is to be determined by a consideration of the policy of insurance as a whole; that a mistake in transcribing occurred, as contended by defendant, is obvious; so plain that it must be conceded as mutual.

The policy calls for the payment of a thousand dollars to the beneficiary upon the death of the plaintiff upon the payment of $26.46 for the first twenty years and $10 per year thereafter until death of insured. No life insurance company could long remain solvent with such a provision for cash payment as is provided in Option No. 4. If the plaintiff was to receive $1,032 at the end of twenty years for which he paid the amount of $26.46 annually, and continued the policy as a whole life policy, he would already have received more than his beneficiary would receive at his death after that period, and in addition a new life policy calling for a thousand dollars and at a less premium at the advanced age than he paid originally. The new premium as provided in Option 4, should plaintiff desire to continue the policy as a whole life policy, would be $20.92 on the thousand. Such a provision is contrary to sound principles of insurance; so unfair and so prejudicial to the interests of all other policyholders in the company that plaintiff will not be heard to say that he relied upon the truth and the correctness of the averment. See the keenly analytical discussion of Judge Mauck in *Gillespie* v. *Life Insurance Co.*, 18 Ohio App., 164; note also *Hibbard* v. *North American Life Insurance Co., infra.*

The first option clause of the policy provides for the payment of $402 as a total cash surrender value at the end of twenty years. The second clause provides for receiving a paid-up non-participating life policy of $750; the third, to receive an annuity contract, and the fourth is the clause in question providing for the payment of $1,032 in cash, and the continuance of the policy as a life policy. Option 4 is wholly inconsistent and repugnant to

Options 1, 2 and 3. All that could be received under Option 1 is $402 in cash; under 2 a policy calling for $750 for life without paying further premium; under the annuity calling for a sum much less than could be earned by a $1,032. A casual analysis discloses that such a provision was not intended by either the plaintiff or the defendant. It is the business of the defendant insurance company to write policies of insurance upon such terms and conditions that would enable it to continue in business and remain solvent.

As pointed out in *Hibbard* v. *North American Life Insurance Company*, the court with reference to a question very similar to the one here presented very pertinently say:

"It may be safely asserted that both parties contemplated a contract not substantially out of harmony with the rights and terms that prevail among like or similar insurance companies. And it is held that such was the contract actually entered into, and that the terms of option 2 as written in failed to express the intent of the parties. Such intent is expressed in the table of loan and cash surrender values. It follows from this that the trial court erred in permitting a recovery under option 2 as written."

This decision, we feel, is determinative of the question in the instant case, and that the provision of said Option No. 4 in said policy described in the petition which calls for the sum of $1,032 is inconsistent and in conflict with the other terms and provisions of the policy, and should be interpreted to call for the sum of $132, rather than the sum of $1,032.

There is a much stronger reason for correcting the mistake occurring in Option No. 4 with reference to the cash payment than heretofore advanced. Defendant in its petition alleges that in all of the policies that it has heretofore issued, and subsequent to the issuance of the policy to the plaintiff, in all such policies of like class, the sum of $132 was provided rather than the sum of $1,032; and that to enforce this provision as it now stands compelling the defendant to give to the plaintiff $1,032 would

make a distinction and a discrimination in favor of the plaintiff, between the plaintiff and all other insured of the same class and equal expectation of life insured by the defendant, and would permit the plaintiff to receive special favor and advancement in such benefits over such other insured. Plaintiff in seeking to avoid the allegation of such facts alleges that he had no information concerning such special favor or discrimination. To this the plaintiff has filed a demurrer.

The gist of such an avoidance on the part of the plaintiff is want of knowledge or information. In view of the provisions of the statutes of Ohio lack of information or knowledge is not sufficient, and is wholly immaterial.

Section 9403 provides:

"No life insurance company doing business in this state shall make or permit any distinction or discrimination in favor of individuals, between the insured of the same class and equal expectation of life in the amount of payment of premiums, or rates charged for policies of life or endowment insurance, or in the dividends or other benefits payable thereon, or in any other of the terms and conditions of the contracts it makes. * * *"

Section 9404 provides, in substance, not only that no life insurance company, but also that no "other person" shall pay, allow, give or offer directly or indirectly, or knowingly receive as inducement to insurance any rebate of premium "or any special favor or advantage in the dividends or other benefits to accrue thereon * * * or any valuable consideration or inducement whatsoever. * * *"

To pay the plaintiff the $1,032 he insists upon would be a positive violation of this statute, for which criminal prosecution could be instituted. Plaintiff is asking the defendant in his suit to do something for which it may not only be criminally prosecuted, but which, under Section 9406 would cause it to lose its license to do business in this state. In view of the purposes sought to be obtained by the exercise of the police power of the state in this legislation, whether the plaintiff knew or not, no court

would hesitate to correct a provision of a policy which would be violative of the law in working a special favor or advantage or a discrimination between persons in the same class and expectation of life. For this reason alone, Option No. 4 ought to be corrected to provide for $132 rather than $1,032. The policy should be co construed as to avoid discrimination if possible. *Gillespie* v. *Life Ins. Co., supra.*

With reference to laches asserted by the plaintiff, in our opinion that doctrine has no application here. Laches cannot be asserted if in so doing a violation of the positive provisions of a statute will result. Section 9403 provides against discrimination of policy holders in the same class and expectation of life. The alleged mistake will result in a discrimination prohibited by this section.

Laches is controlled by equitable principles. The plaintiff has not been prejudiced by delay; the error in the policy did not affect the rights of either party when it was or should have been discovered, as those existing rights remained the same until the time came for exercising the option. If plaintiff died before that time the error would have been of no consequence; the defendant did not know that plaintiff would assert the inequitable demand for more than was paid by his premiums. This view is enunciated in *Columbian National Life Ins. Co.* v. *Black,* 25 Fed. (2d), 571, 575-577.

The fifth branch of the demurrer presents for consideration the right of plaintiff to question the validity of any of the provisions of the policy, without first restoring to plaintiff the premiums he has paid for twenty consecutive years. Plaintiff in his reply says that if it be true that the policy makes a distinction and discrimination in favor of the plaintiff and other insured of the same class and expectation of life insured by the defendant, and if it be true that such policy or any part is void on account of such distinction, discrimination, special favor or advantage, defendant ought not to be permitted to take advantage of the same without first restoring all the premiums paid by plaintiff to defendant company. To this attempt of the avoidance the defendant demurs.

Defendant is not contending that the entire policy is void, but only that provision is Option 4 which provides for the cash payment of $1,032 instead of $132; this because it is violative of the statutes and prohibited thereby.

Plaintiff has had insurance throughout the years that he has paid the premiums and has been fully protected. He has received insurance for his premiums. He brings his action to recover an amount which he claims due him by virtue of the provisions of the policy. He alleges that he paid the premiums and is seeking to recover the premiums paid, by way of reply, which constitutes clearly a departure, and such is inconsistent with the cause of action stated in the petition. Plaintiff is not entitled to the amount due on the policy as claimed by him and also the premiums paid. These premiums tendered were in payment of the ordinary life policy. *Columbian National Life Ins. Co.* v. *Black, supra.* Moreover, the risk attached and therefore no apportionment or return of the premiums may be demanded. 3 Joyce on Insurance, Section 1397; *Fulton* v. *Insurance Co.,* 7 Ohio (part 2), 5, 31.

This branch of the demurrer is well taken.

The plaintiff, in the amendment to the reply alleges that a provision of the policy of insurance is to the effect that it shall be incontestible except for non-payment of premiums. This language of the policy has no application whatever to any of the questions raised by the demurrer. The incontestibility as provided for in the policy was not intended nor could it prevent the company from preventing discrimination. That is all that the defendant is attempting to do here is to prevent a violation of the statute. Such action cannot be construed as contesting the policy. This is fully covered by the decision in *Columbian National Life Ins. Co.* v. *Black,* *supra.*

The court has not considered the attempt to set up the defense of the statute of limitations against reformation, because it has been found that the petition itself is insufficient in that option clause No. 4 is repugnant to the cash surrender or loan value clause of the policy, and for the further reason that the attempt to enforce it would result

in unlawful discrimination and that the terms of this option as written fail to express the intent of the parties. This hypothesis has been elaborated in *Hibbard* v. *North American Life Ins. Co., supra,* the record in which, it is interesting to note, discloses that the statute of limitations was there pleaded in the reply of the plaintiff, which defense was held good by the trial court which was reversed by the Supreme Court; the latter court could not have sustained the position of the insurance company, as it did, if limitations against reformation would have defeated the defense of the company. Of course, it would be wholly illogical to consider a claim for reformation presented in the prayer of the answer, when it has been found that the petition to which that answer was filed is insufficient in law, as the policy on which the right of action is based has been construed to mean just what the company would have it reformed to say. I may remark in passing, however, that an interesting question would arise as to the right to assert a pure defense without any claim for affirmative relief, if the facts set out in that defense would be barred if reformation were the sole relief sought, or to state it differently, whether the statute of limitations applies to a defense. See *Buck* v. *Equitable Life Ins. Co.,* 165 Pac., 878; *Nasby Bldg. Co.* v. *Walbridge Bldg. Co.,* 6 Ohio App., 104; *Muckenthaler* v. *Noller,* 104 Kans., 55; *Eastern G. O. Co.* v. *Lovelace,* 221 S. W., 554.

Besides if the clause relied upon were interpreted as plaintiff says it should be, it would be illegal, and hence could not be enforced even if defendant were tardy in asserting the claim of invalidity; 9 Ohio Jur., pp. 381, 382.

For the foregoing reasons the demurrer to the petition is sustained, and each and every branch of the special demurrer to the attempted avoidance is sustained.